# PICARD *v.* EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

No. 246.   Argued April 12, 1889. — Decided May 13, 1889.

Legislative immunity from taxation is a personal privilege, not transferable, and not to be extended beyond the immediate grantee, unless otherwise so declared in express terms.

Immunity from taxation does not pass to the purchaser at a sale of "the property and franchises of a railroad corporation" to enforce a statutory lien. *Morgan* v. *Louisiana,* 93 U. S. 217, on this point affirmed.

Although a grant of immunity from taxation by a legislature to a corporation has sometimes been held to be a privilege which may be transferred, the later and better opinion is that, unless other provisions remove all doubt of the intention of the legislature to include the immunity in the term "privileges," it will not be so construed.

The property of the East Tennessee, Virginia and Georgia Railroad Company, situated in the State of Tennessee, is not exempt from taxation under the laws of that State.

THE case is stated in the opinion of the court.

*Mr. George W. Pickle*, Attorney General of the State of Tennessee (with whom were *Mr. Albert S. Marks, Mr. John J. Vertrees* and *Mr. William O. Vertrees* on the brief) for appellant.

*Mr. William M. Baxter* for appellee.

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit to enjoin the collection of certain taxes for the years 1883 and 1884, assessed by the Board of Railroad Tax Assessors of Tennessee against the property of the complainant, the East Tennessee, Virginia and Georgia Railroad Company. The property formerly belonged to the Cincinnati, Cumberland Gap and Charleston Railroad Company; and the claim asserted by the bill is, that the property, whilst held by that company, was exempt from taxation, and that such exemption has accompanied it in its transfer to the complainant. That company was incorporated by an act of the legislature of Tennessee, passed November 18, 1853. Among other things the act provided that whenever the company should have completed its road from Cumberland Gap to the East Tennessee and Virginia Railroad, or to the southern boundary line of the State, it should "have all the rights and privileges" conferred by its charter for a period of ninety-nine years. Statutes of Tenn. 1853–4, c. 301, § 6. It also declared that the company should be vested, except as otherwise provided by its charter, with "all the rights, powers and privileges, and subject to all the restrictions and liabilities, of the Nashville and Louisville Railroad Company." An act was passed by the legislature of Tennessee on the 9th of February, 1850, to incorporate a company under this last name, which, among other things, declared "that the capital stock in the said company, the dividends thereon, and the roads and fixtures, depots, workshops, warehouses, and vehicles of transportation belonging to the said company shall be forever exempt from taxation in each and every of the said States of Tennessee and Kentucky, and it shall not be lawful for either of the said States, or any corpor-

ate or municipal police or other authority thereof, or of any town, city, county, or district thereof, to impose any tax on such stock or dividends, property or estate." Statutes of Tenn. 1849–50, c. 76, § 40.

It does not appear that any organization of this company was ever perfected. It is stated by counsel that none ever took place; and it would seem that such was the conclusion of this court in *Goodlett* v. *Louisville Railroad,* 122 U. S. 391, 406.

Assuming, however, that its organization was perfected, its rights, powers and privileges were subject to the restrictions specified in the act, and one of these was that the act should "become a law whenever the State of Kentucky may enact the same for the same purpose, with such modifications and amendments" as she may deem right, not inconsistent with its provisions. By this restriction we understand that the act was not to take effect until re-enacted by Kentucky, with such modifications as she might suggest, not inconsistent with it. It is conceded that Kentucky never passed any such act as here mentioned. We are of opinion therefore, that we may properly omit from consideration the act of February 9, 1850, to incorporate the Nashville and Louisville Railroad Company, and the attempt to invest the Cincinnati, Cumberland Gap and Charleston Railroad Company with its "rights, powers, and privileges." If this construction be correct, the Nashville and Louisville Railroad Company never acquired under that act any rights, powers, or privileges, those designated in its charter being subject to restrictions, which were not complied with; and, therefore, whatever right the Cincinnati, Cumberland Gap and Charleston Company possessed, to have its property exempted from taxation, must be found independently of the provision referring to and granting the exemption contained in the charter of the Nashville and Louisville Railroad Company. There is no such exemption from taxation in its own charter. It is, however, contended that provisions in an act of the legislature of the State, chartering the Lexington and Knoxville Railroad Company, passed on the 22d of December, 1853, had the effect of extending such exemption to

the property of the Cincinnati, Cumberland Gap and Charleston Railroad Company, inasmuch as it invests that company with the "rights, powers, and privileges" "of the East Tennessee and Virginia Railroad Company." Statutes of Tenn. 1853–4, c. 325, § 6. The act incorporating this last company declared that its capital stock should be forever exempt from taxation, and that its road, "with all its fixtures and appurtenances, including workshops, warehouses, and vehicles of transportation," should be exempt from taxation for the period of twenty years from the completion of its road, and no longer, and that the road should be commenced within five years after the passage of the act, and be finished within ten years thereafter, otherwise the charter should be void. Statutes of Tenn. 1847–8, c. 120, §§ 30, 31.

The answer avers that the road has never been completed, and no proof was offered to refute this averment. The burden of proof to show the completion was upon the complainant, for until then the exemption claimed could have no existence even while the property remained in the possession of the Cincinnati, Cumberland Gap and Charleston Railroad Company.

Assuming, however, that we are mistaken in the construction given as to the effect of the provisions in the charters of the two companies, the Nashville and Louisville Railroad Company and the East Tennessee and Virginia Railroad Company, and that the references to those companies are to be construed as embodying all "the rights, powers and privileges" which it was intended the Nashville and Louisville Railroad Company should possess if the act creating its charter had been reenacted by Kentucky, and which it was intended the East Tennessee and Virginia Railroad Company should possess after the completion of its road, our conclusion upon the questions involved would not be affected. It is conceded that the property of the company passed upon sales and conveyances made under a decree rendered in a suit against the company, commenced by the State of Tennessee, to parties who have since conveyed the same to the complainant. That suit was brought to enforce a statutory lien reserved by the State as

security for the loan of her bonds issued to the company, and the sale made under the decree, and confirmed, was of the "property and franchises" of the railroad company.

By this sale and the conveyance which followed, immunity from taxation did not pass. Such immunity is not in itself transferable. It has been held, and the doctrine has been so often repeated that it is no longer an open question, that the legislature of a State may exempt the property of particular persons or corporations from taxation, either for a limited period or perpetually; but to justify the conclusion that such exemption is granted, it must appear by language so clear and unmistakable as to leave no doubt of the purpose of the legislature. The power of taxation is one of the highest attributes of sovereignty, and the suspension of its exercise as to any persons or property is not a matter to be presumed or inferred. It must be declared or it will not be deemed to exist. If the legislature can lay aside a power devolved upon it for the good of the whole people of the State, for the benefit of a private party, it must speak in such unmistakable terms that they will not admit of any reasonable construction consistent with the reservation of the power. *The Delaware Railroad Tax*, 18 Wall. 206, 225.

Yielding to the doctrine that immunity from taxation may be granted, that point being already adjudged, it must be considered as a personal privilege not extending beyond the immediate grantee, unless otherwise so declared in express terms. The same considerations which call for clear and unambiguous language to justify the conclusion that immunity from taxation has been granted in any instance must require similar distinctness of expression before the immunity will be extended to others than the original grantee. It will not pass merely by a conveyance of the property and franchises of a railroad company, although such company may hold its property exempt from taxation. As we said in *Morgan* v. *Louisiana*, 93 U. S. 217, 223 : "The franchises of a railroad corporation are rights or privileges which are essential to the operations of the corporation, and without which its road and works would be of little value; such as the franchise to run cars, to

take tolls, to appropriate earth and gravel for the bed of its road, or water for its engines, and the like. They are positive rights or privileges, without the possession of which the road of the company could not be successfully worked. Immunity from taxation is not one of them. The former may be conveyed to a purchaser of the road as part of the property of the company; the latter is personal, and incapable of transfer without express statutory direction."

It is true there are some cases where the term "privileges" has been held to include immunity from taxation, but that has generally been where other provisions of the act have given such meaning to it. The later, and, we think, the better opinion is, that unless other provisions remove all doubt of the intention of the legislature to include the immunity in the term "privileges," it will not be so construed. It can have its full force by confining it to other grants to the corporation.

The case of *Railroad Company* v. *County of Hamblen*, 102 U. S. 273, was, with the exception of one particular, substantially like the one before us. The claim of exemption founded upon the act of December 22, 1853, referring to the charter of the East Tennessee and Virginia Railroad Company, was not there relied upon. Reliance was, however, placed upon the act chartering the Nashville and Louisville Railroad Company as exempting the property of the Cincinnati, Cumberland Gap and Charleston Railroad Company from taxation. The court held that immunity from taxation did not pass to the purchaser upon the sale of the property under the decree rendered in the suit brought by the State against the company.

The decree below must therefore be

*Reversed and the cause remanded with directions to dismiss the bill, and it is so ordered.*