MEMPHIS *v.* PHŒNIX, ETC., INSURANCE CO.

(*Jackson.*    July 7, 1892.)

1. TAXATION.    *Charter exemption exists, when.*

A corporation that is clothed by the terms of its charter "with all the *powers, privileges, and* IMMUNITIES" of an older existing corporation, is invested with a valid exemption from taxation contained in the charter of the older corporation.

Act construed: Acts 1858, Ch. 166, Sec. 12.

2. SAME.    *Charter exemption does not exist, when.*

But a corporation clothed by the terms of its charter "with all the *rights and privileges*" of an older existing corporation, without more, is not invested with an exemption from taxation contained in the charter of the older corporation.

Act construed: Acts 1866–67, Ch. 71, Sec. 1.

Cases cited and approved: Wilson *v.* Gaines, 9 Bax., 546; Railroad *v.* Hamblen County, MS., Knoxville, September term, 1877; Railroad *v.* Gaines, MS., March, 1878; 97 U. S., 697; 102 U. S., 273; 103 U. S., 417; 93 U. S., 217; 130 U. S., 642.

Cited and distinguished: Railroad *v.* Hicks, 9 Bax., 442; State *v.* Railroad, 12 Lea, 538; 117 U. S., 146.

3. SAME.    *Method of collection of taxes assessed upon shares of stock of corporation.*

Collection of taxes assessed against the shares of stock of a corporation, where the share-holders are unknown, may be enforced by direct suit against the corporation for the tax, if it be a dividend-paying concern, or by bill against the corporation and its officers for discovery

of the names of the share-holders, in order that they may be brought before the Court by supplemental bill for recovery of tax of them.

Case cited and approved: Memphis *v.* Home Ins. Co., *ante*, p. 558.

---

### FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. J. S. GALLOWAY, Probate Judge, sitting by interchange.

METCALF & WALKER and F. T. EDMONDSON for Memphis.

U. W. MILLER for Insurance Company.

CALDWELL, J. On March 11, 1867, the Washington Fire and Marine Insurance Company, of Memphis, Tennessee, was chartered by the State, "with all the *rights and privileges* of the DeSoto Insurance and Trust Company." Acts 1866–67, Ch. 71, Sec. 1. The latter company had previously been chartered "with all the *powers, privileges*, AND IMMUNITIES" of the Bluff City Insurance Company. Acts 1858, Ch. 166, Sec. 12. By the tenth section of the charter of the Bluff City Insurance Company it was provided, "that said company shall pay to the State an annual tax of one-half of one per cent. on each share of the

capital stock subscribed, which shall be in lieu of all other taxes." Acts 1858, Ch. 166, Sec. 10.

On March 28, 1881, the name of the Washington Fire and Marine Insurance Company was, by legislative enactment, changed to the "Phœnix Fire and Marine Insurance Company, of Memphis, Tennessee." Acts 1881, Ch. 28, Sec. 1.

This bill was filed by the State, on behalf of the city of Memphis, against the last-named company and its secretary, to recover certain *ad valorem* taxes alleged to be due on capital stock, or, in the alternative, on shares of stock.

Defendants, by demurrer, claimed immunity from all assessments, except one-half of one per cent. on each share of capital stock subscribed, which the bill concedes has been paid to the State.

The Chancellor sustained the demurrer and dismissed the bill. Complainant appealed.

The controlling question for our decision is this: Did the Washington Fire and Marine Insurance Company—in whose shoes the Phœnix Fire and Marine Insurance Company now rightfully stands— acquire, by its charter from the State, the same immunity granted to the Bluff City Insurance Company by the tenth section of its charter, hereinbefore set out?

If it did, the decree of dismissal must be affirmed, for reasons stated in the recent case of *Memphis* v. *Union and Planters' Bank, ante,* p. 546; if not, then the decree must be reversed and the bill entertained.

Confessedly, the DeSoto Insurance and Trust Company was granted that immunity, for, by the express words of its charter, it was given "all the powers, privileges, *and immunities*" of the Bluff City Insurance Company. But the Washington Fire and Marine Insurance Company (which now exists by legislative sanction under the name of Phœnix Fire and Marine Insurance Company) received by its charter only "the rights and privileges" of the DeSoto Insurance and Trust Company.

Did the last-named words, "rights and privileges," carry the tenth section of the Bluff City Insurance Company's charter into the charter of the Washington Fire and Marine Insurance Company, and thereby give it immunity from all taxation, except that therein prescribed? Clearly it did not. Such, in our opinion, was not the legislative intent. In the absence of an intent to that effect, unmistakably manifested by the terms of the grant, the immunity must be held not to have been conferred. No presumption is to be indulged in its favor.

The Constitution of 1834, under which all of the foregoing charters were granted, used in the same connection, one after the other, in the same clause, all the words, "rights," "privileges," "immunities," and "exemptions," as follows:

"The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of

individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law; *Provided always,* The Legislature shall have power to grant such charters of incorporation as they may deem expedient for the public good." Constitution of 1834, Art. XI., Sec. 7.

Properly, the language of these charters should be interpreted in the light of that provision of the organic law in which each word has its own office to fill, and no one that of another.

When the Legislature said the DeSoto Insurance and Trust Company should enjoy "all the powers, privileges, *and immunities*" of the Bluff City Insurance Company, more was meant than when it afterwards said that the Washington Fire and Marine Insurance Company should have "all the rights and privileges" of the DeSoto Insurance and Trust Company. The words used in the former case, of necessity, have greater scope and fullness of meaning than those used in the latter case. It cannot, with any satisfactory process of reasoning or definition, be contended that the measure of the State's grant was the same in each instance. There is a marked difference, and that difference lies, mainly, in the word immunities, whose use in the one case, admittedly, includes the limited tax prescribed

in the charter of the Bluff City Insurance Company, and whose omission in the other case as naturally excludes it.

The words "rights and privileges," as employed in the charter before us, do not embrace immunity from taxation in any degree.

The cases of *Railroad Co.* v. *Hicks*, 9 Bax., 442, and *The State* v. *N., C. & St. L. Ry.*, 12 Lea, 538, are not necessarily in conflict with this ruling, for, in each of those cases, the purchaser was held to have the immunity of the original corporation, upon the ground that the statute authorizing the sale, and the decree directing it, provided that "all the rights, privileges, and *immunities*" of such corporation should be transferred to, and vested in, the purchaser.

The other cases of the *E. T., Va. & Ga. R. R. Co.* v. *Hamblen County*, MS., Knoxville, September, 1877, and *Wilson* v. *Gaines*, 9 Bax., 546, are in accord with the ruling made herein. Each of these latter cases went into the Supreme Court of the United States on writ of error, and the judgments of this Court were there affirmed. *Railroad Co.* v. *Hamblen County*, 102 U. S., 273; *Wilson* v. *Gaines*, 103 U. S., 417.

In still other cases has this Court held that the words "rights and privileges," do not embrace immunity from taxation. *Memphis and Charleston R. R. Co. et al.* v. *James L. Gaines, Comptroller, et al.*, MS., March, 1878, and citations therein.

The last named case was also affirmed in the

Supreme Court of the United States. *Railroad Companies* v. *Gaines,* 97 U. S., 697.

The opinion of Mr. Justice Field, in *Morgan* v. *Louisiana,* 93 U. S., 217, was aptly cited as authority for the main proposition in *Wilson* v. *Gaines,* 9 Bax., 552, and also in *Memphis and Charleston R. R. Co. et al.* v. *James L. Gaines, Comptroller, et al.,* MS.

A different ruling seems to have been made in *Tennessee* v. *Whitworth,* 117 U. S., 146, wherein the reasoning adopted by this Court in *Wilson* v. *Gaines,* 9 Bax., 546, was disapproved. But as late as 1889, the question here under consideration came again before the Supreme Court of the United States, in a case originating in this State, and involving the construction of a Tennessee charter, and in that case, Mr. Justice Field, speaking for a unanimous Court, among other things, said: "It is true, there are some cases where the term 'privileges' has been held to include immunity from taxation, but that has generally been where other provisions of the Act have given such meaning to it. The later, and, we think, the better opinion is, that unless other provisions remove all doubt of the intention of the Legislature to include the immunity in the term 'privileges,' it will not be so construed. It can have its full force by confining it to other grants to the corporation." *Pickard* v. *E. T., Va. & Ga. R. R. Co.,* 130 U. S., 642, citing and approving, on this proposition, *Railroad Co.* v. *Hamblen County,* 102

U. S., 273, and *Morgan* v. *Louisiana*, 93 U. S., 217, 223.

Without referring to other authorities, we hold, upon what seems to us the clear weight of reason and judicial decision, that the Washington Fire and Marine Insurance Company did not, by its charter, acquire any of the *immunities* of the De-Soto Insurance and Trust Company, and that its successor, the Phœnix Fire and Marine Insurance Company, and the owners of its shares of stock, are subject to taxation in the same manner as other like corporations and stockholders having no exemption.

The facts stated in the bill do not make a case of *res adjudicata.*

Complainant, upon the allegation of the bill, is entitled to a discovery of the names and residences of the stockholders, or, by proper amendment, to proceed against the corporation directly, for the purpose of appropriating dividends to payment of all proper assessments against shares of stock. *State of Tennessee, for the use, etc.,* v. *Home Insurance Co. et al., ante,* p. 558.

Reverse and remand.