**Hilda TIGER, Respondent,**

v.

**STATE TAX COMMISSION of Missouri, Clarence Evans, Charles C. Nance, Jesse A. Mitchell, being members of and constituting the State Tax Commission of Missouri, and G. H. Bates, Director of Revenue of the State of Missouri, Respondents-Appellants.**

No. 44086.

Supreme Court of Missouri.

Division No. 1.

April 11, 1955.

562

John M. Dalton, Atty. Gen., James W. Faris, Asst. Atty. Gen., for appellants.

Earl Susman, Gerald A. Rimmel, Susman, Mayer & Willer, St. Louis, for respondent.

DALTON, Presiding Judge.

This is an appeal by the Director of Revenue from the order and judgment of the Circuit Court of St. Louis County in a proceeding filed in that court by respondent herein to review a decision of the State Tax Commission. See Sections 536.110 and 536.140 RSMo 1949, V.A.M.S. The cause involves a construction of certain statutes with reference to determining net income for income tax purposes.

The facts are not in dispute. The trial court's decision was based upon an agreed statement of the case filed in the Circuit Court under the provisions of Section 536.-130 RSMo 1949, V.A.M.S. As to the scope of judicial review in reviewing the holding of an administrative agency such as the State Tax Commission, see Article V, Section 22, Constitution of Missouri 1945, V.A.M.S.; Section 536.140, supra; Seabaugh's Dependents v. Garver Lumber Mfg. Co., 355 Mo. 1153, 200 S.W.2d 55.

This court has jurisdiction of this appeal since it involves the construction of the revenue laws of this state. Article V, Section 3, Constitution of Missouri 1945; State ex rel. Lane v. Corneli, 347 Mo. 932, 149 S.W.2d 815, 817.

The facts as they appear from the agreed statement are about as follows: Hilda Tiger, a taxpayer and the respondent herein, in making out her Missouri State Income Tax Return for the year 1947 deducted from her other income the sum of $1,875, which was the full amount of her net loss from the sale of certain securities which she had held for only two months of that year. In computing miscellaneous deductions, she included as one of her deductions the sum of $150, which was the amount of the Federal Excise Tax on a fur coat she had purchased and paid for during that year.

Subsequently, respondent was notified by the Director of Revenue that $61.03 additional income tax, including interest and penalty, had been assessed against her as a result of the Director's disallowing entirely the $150 item of Federal Excise Tax and allowing only $306.88 of the $1,875 claimed as the deduction for loss on the sale of securities. Thereafter, respondent took her appeal to the State Tax Commission. The facts were there stipulated and a hearing had. The Commission ruled that the $150 Federal Excise Tax paid by respondent was allowable as a deductible item. The Commission further allowed, as a deductible item, $1,000 on account of respondent's loss from the sale of her securities instead of the $1,875 claimed.

Respondent, thereafter, filed in the Circuit Court of St. Louis County her petition for a review of the decision of the State Tax Commission and sought to limit her review of the State Tax Commission's order to the matter of the Commission's order in denying her credit for the full amount of her short term capital loss. On review in the circuit court appellant contended that the Tax Commission erred in its allowance of the $150 Federal Excise Tax as a deductible item and appellant requested the court to review that finding in addition to respondent's claim to credit for the full $1,875 as a deduction for loss. The circuit court determined both issues in favor of respondent. It sustained the State Tax Commission's allowance of the $150 Federal Excise Tax item as a proper deduction and further held that the $1,875 loss should be allowed in full as a deduction in the determination of respondent's net income for 1947. Appellant thereupon took his appeal to this court. Respondent has raised no question here as to the trial court's right to consider both matters decided by it.

Appellant says that the record presents two questions of law, as follows: (1) Is the amount of federal excise tax paid on an item purchased deductible by the purchaser as a tax paid within the year on his return of state income taxes? (2) Is a short term loss on the sale of personal property deductible in full from gross income? Appellant contends the judgment appealed from is erroneous (1) because the "Federal Excise Tax paid is not an item deductible by a vendee as taxes paid on a Missouri Income Tax return" and (2) because under the State law the maximum deductible loss on the sale of personal property is limited to $1,000.

Section 143.010 RSMo 1949, V.A.M.S., in part, provides: "Every individual, a citizen or resident of this state, shall pay a tax upon net income received from all sources during the preceding year in excess of the exemptions herein provided." No specific exemptions are provided by said section. Subdivision 7 of Section 143.100 RSMo 1949, V.A.M.S., provides: "Net income shall be determined by deducting from income the deductions now or thereafter provided by law." Various deductions in the determination of net income are provided by Section 143.160 RSMo 1949, V.A.M.S. The section in part provides: "In ascertaining net income there may be deducted from gross income derived during the same period the following: * * * (4) Texas: All taxes paid within the year imposed by the authority of the United States or its territories or possessions, or

foreign country or under authority of any state, county, school district or municipality or other taxing subdivision of any state or country, not including those assessed against local benefits and inheritance taxes and taxes based on income, except those imposed by the United States on incomes."

In construing the above statutes we follow the applicable rules of construction as stated in the case of American Bridge Co. v. Smith, 352 Mo. 616, 179 S.W. 2d 12, 15, 157 A.L.R. 798, as follows: " 'The primary rule of construction of statutes is to ascertain the lawmakers' intent, from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and rational meaning and to promote its object, and "the manifest purpose of the statute, considered historically," is properly given consideration.' Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 925; Artophone Corporation v. Coale, 345 Mo. 344, 133 S.W.2d 343. While statutes authorizing a particular tax are to be construed strictly against the taxing authority (A. J. Meyer & Co. v. Unemployment Compensation Commission, 348 Mo. 147, 152 S.W.2d 184), a tax exempting statute will be strictly construed against him who claims to be exempt under it. Mississippi River Fuel Corporation v. Smith, 350 Mo. 1, 164 S.W.2d 370."

Since respondent claims the right to deduct the $150 excise tax as a tax imposed by the authority of the United States and paid by her within the year, we must review the applicable federal statutes and regulations, as follows: Title 26 U.S.C.A. § 2401 provides: "There is hereby imposed upon the following articles sold at retail a tax equivalent to 10 percentum of the price for which so sold: Articles made of fur on the hide or pelt * * *." Under Section 1650, Title 26 U.S.C.A. providing war tax rates, the rate of furs was increased to 20 per centum.

Federal Regulations 51, Part 320, Retailers' Excise Taxes, Section 320.3, is in part as follows: "(a) Every person who sells at retail any article covered by the regulations in this part * * * is liable for tax whether such sale or lease is made directly or through an agent * * * (e) a vendee who is required to pay the tax shall make payment thereof to the vendor at the time the sale is consummated, and the tax shall be returned and paid to the collector by the vendor * * *."

"Section 320.5 Basis of tax on sales, generally: (a) The tax is imposed on the sale by the retailer of any of the articles enumerated in the regulations in this part. The provisions of law quoted above embody the rules for determining the sale price, which is the basis of the tax. In general, this should be the retailer's actual price at the point of distribution or sale. In determining the sale price, for tax purposes, there shall be included any charge incident to placing the article in condition packed ready for shipment. There shall be excluded (1) the amount of the tax, whether or not billed as a separate item, * * *."

"Section 320.7. Exclusion of tax. (a) Federal tax. (1) The tax imposed by chapter 19 of the Internal Revenue Code on the retailer's sale of an article is by statute not a part of the taxable price of the article. Where the Federal tax is billed as a separate item, the amount thereof should be excluded in determining the sale price upon which the tax is to be computed. Where the Federal tax is not billed as a separate item, it will be presumed that the amount of the tax is included in the price charged for the article, and such amount will be excluded by an appropriate computation in determining the taxable sale price. * * * (b) State and local taxes. (1) A retail sales tax imposed by a State, or Territory, or political subdivision of the foregoing, or by the District of Columbia, may be excluded from the taxable price of an article only when billed as a separate item; if not so billed, the amount of such tax must be included in the taxable sales price. (2) This exclusion relates to State or local taxes imposed with respect to the sale of the article, regardless of whether the vendor or vendee is liable for payment of the tax. However, it does not include other levies, as, for example, a State income

tax payable by a retailer upon the net profits derived from his operations."

Appellant relies first upon Section 320.3 (a) of the federal regulations, supra, stating that the vendor is liable for the tax; and second upon Section 320.7(b) with reference to income taxes being included in determining the base for the tax. As to the latter section appellant says: "It is stated that the exclusion from state or local taxes does not include the state income taxable to the retailer. In other words, the payment of this tax is a deductible item to the retailer."

Appellant insists that the mere fact that respondent has borne the economic burden of the tax is insufficient to authorize the deduction, citing State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, 4, where the United States was not allowed its constitutional immunity from a tax merely because it bore the economic burden of the tax by reason of its cost plus contract with contractor, who was the taxpayer. Appellant also insists that statutes granting deductions in the determination of taxes should be strictly construed, citing Pickard v. East Tennessee, Virginia & Georgia R. Co., 130 U.S. 637, 9 S.Ct. 640, 32 L.Ed. 1051, 1053, and American Bridge Co. v. Smith, supra.

 While the vendor is "liable" for the tax, the vendee has to pay it. The tax is imposed on the sale. The amount of the tax is 20 per centum of the retail sale price, that is, "the price for which" the item is sold. The sale price is the basis upon which the tax is figured. The tax imposed is not a part of the taxable price of the article sold. While sales taxes may be excluded from the sale price upon which the tax is based, income taxes payable by the retailer upon the net profits derived from his operations cannot be deducted, but must be included in the retail sale price upon which the tax is figured. However, the mere fact that the retailer's income taxes on his operations are included in the sale price of an article on which the excise tax is figured does not in our opinion bear upon the question of who pays the 20 per centum tax upon the retail sale price of the article so sold. The stipulated facts show that "Hilda Tiger, in 1947, purchased a fur coat and paid therefor $750.00, plus Missouri Sales Tax of $15.00 and Federal Excise Tax of $150.00, all totaling $915.00." We hold that the excise tax was paid by the purchaser and that respondent, as the purchaser of the fur coat in question, paid the $150 tax and she was entitled to the deduction under the statute as allowed her by the State Tax Commission and the Circuit Court.

As to the right to deduct losses sustained by the taxpayer during the taxable period, Section 143.160 RSMo 1949, V.A.M.S. provides that in ascertaining net income there may be deducted from gross income derived during the same period the following: "* * * (2) Losses: (a) * * *. (b) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit though not connected with the trade or business, * * *." Section 143.100 RSMo 1949, V.A.M.S., defining income, in part, provides: "1. Income shall include gains, profits, and earnings derived from salaries * * * and from * * * sales or dealings in property, whether real or personal, growing out of the ownership or the use of any interest in real or personal property. *In any case where real or personal property has been held for more than six months only fifty per cent of the gain or loss resulting from sale or exchange shall be taken into account in computing net income, but in such cases any loss used in computing the net income shall not exceed one thousand dollars over and above gains for the same period.*" (Italics ours.)

Appellant's theory is that paragraph 1 of Section 143.100, supra, limits the deduction for loss in this case to $1,000. Appellant says "the statutes cited show that the Missouri State Income Tax is a tax on all incomes except that which is particularly exempted, or particularly allowed as a deduction to reach net income"; that "these deductions must be specifically shown by

him who claims them"; and that the exempting statute must be strictly construed.

■■ We think it is clear from the provisions of Section 143.160, supra, that, except for the italicized part of Section 143.-100, supra, losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit though not connected with the trade or business, are deductible. The effect of the italicized provision of Section 143.100, supra, was to specifically limit deductible losses sustained in sales, where the property had been held for more than six months. Under the facts here, the transaction was one entered into for profit though not connected with trade or business and the property was only held for two months. The limiting provision in Section 143.100, supra, has no application to the facts shown by this record. We must and do hold that under the provisions of the statutes in question respondent was entitled to the full amount of the deduction claimed. The Circuit Court did not err in allowing respondent to deduct the full $1,875 loss, as claimed.

The judgment is affirmed.

All concur.