ESTATE OF DURANT: FRIEDRICH, Appellant, vs. DURANT, Administratrix, and another, Respondents.

*September 14—December 6, 1927.*

*Trusts: Funds wrongfully withheld by partner: Rights of action of other partner: Accounting with administratrix of deceased partner: Pleading: Construction of answer.*

1. In an action by a partner to impress certain assets of the estate of a deceased partner with a trust in favor of the petitioner, the latter, in order to recover, must establish that moneys belonging to him were, without his consent, withheld and wrongfully invested in the securities claimed.  p. 283.
2. In construing the respondents' answer, the petitioner cannot separate the allegations thereof into phrases and take out and apply those which suit his purpose and ignore the remainder; and the allegations of the answer are construed to deny that there was a settlement between the partners of everything except the one item in dispute.  p. 284.
3. Where one partner wrongfully withholds partnership funds he holds them in trust for the partnership and not for another partner; and the fact of the withholding does not give the other partner any individual right in such fund prior to an accounting.  p. 286.

4. A former member of a law firm who seeks to establish an equitable trust in the assets of his deceased partner's estate on the ground that the deceased partner had collected certain partnership fees and had invested them in the assets in question, has no interest in such assets prior to an accounting, even though they are partnership assets. p. 287.

5. Petitioner's only right was to an accounting with the administratrix of the estate of the deceased partner and for any balance due him, and this form of action is barred by the statute of non-claim under sec. 313.03. p. 288.

APPEAL from a judgment of the county court of Milwaukee county: F. W. BUCKLIN, Acting Judge. *Affirmed.*

Petition to establish an equitable trust in part of the assets of the estate. The petition which initiated this proceeding alleges an agreement of partnership between petitioner and the deceased, Paul D. Durant, by the terms of which, after payment of all the expenses of the partnership and certain salaries or fixed sums which were to be drawn by each of the partners, the earnings and profits of said copartnership were to be divided so that the deceased received seventy-five per cent. thereof and the petitioner twenty-five per cent. thereof; that during the continuance of the partnership, the deceased, Durant, as partner rendered services to the Schoellkopf Liquidating Trustees for which the deceased was paid $250,000.

"(4) That on or about the 1st day of May, 1920, the said partnership was dissolved by the said partners and all the accounts between the partners herein were settled and all the liabilities between the said partners paid, as this petitioner is informed and believes, and all the earnings and profits and property were divided except the right to said fee of $250,000, and that the said sum coming into the hands of the said Paul D. Durant, deceased, was not required to pay any of the expenses of the said partnership or any of the salaries or drawing accounts of the said partners, but that the same should have been divided under the said partnership agreement so that your petitioner would receive one fourth of the same, or $62,500.

"(5) That on and before the 20th day of May, 1920, the said Durant advanced and paid to your petitioner the

sum of $30,000 as part payment of his interest in the said fee, but that prior to the time of the death of said Durant the said Durant had not accounted to or paid over to your petitioner the balance of the said sum of $62,500 nor any part thereof.

"(5½) That the said Paul D. Durant concealed from your petitioner the amount of the said fee of $250,000, and fraudulently and falsely represented to your petitioner that the amount of said fee was $150,000, and that he concealed and attempted to convert the said $250,000 away from the said partnership, and that he made the purchases of securities and the investments hereinafter mentioned out of the said funds without the consent of your petitioner, and that the said investments and purchases were without the scope of the said partnership agreement."

The petition then sets out in thirteen paragraphs the investments made by the deceased out of the fund withheld by him. The prayer for relief was that the administratrix transfer and set over to the petitioner 8,696.5 shares of the capital stock of the Tintic Standard Mining Company, which has come into possession of the estate and "which in equity is the property of such petitioner and is now in the possession of the said administratrix," and for an accounting as to the dividends received since the death of the deceased.

An order requiring the administratrix to plead to the petition was made, and the petitioner having been attorney for the administratrix, who was the widow of the deceased, throughout the settlement of the estate, in a proper proceeding duly had, Douglass Van Dyke, Esq., was appointed attorney for the administratrix in this proceeding. The administratrix subsequently resigned her office and the *Marshall & Ilsley Bank* was duly appointed administrator of the estate to succeed her.

The answer of the administratrix admits that the petitioner was a duly licensed attorney and counselor at law; denies upon information and belief that the said Paul D. Durant and *Herman Friedrich* were partners in the practice of law, "except that for several years prior to January 1, 1920,

the said *Herman Friedrich* was associated with the said Paul D. Durant in the offices of the said Paul D. Durant under some arrangement not known to the respondent, which association was dissolved and terminated on January 1, 1920, and thereafter the said Paul D. Durant entered no partnership in the law practice until he became a partner in the firm of Durant, Olwell & Brady on or about May 1, 1920;" denies that there was any agreement of partnership between Paul D. Durant and *Herman Friedrich;* denies that the $250,000 fee was a partnership item, and alleges that it was received by Durant as an individual.

The answer denies on information and belief every allegation contained in paragraph 4 "except that respondent admits that the relations between said Paul D. Durant and *Herman Friedrich* were dissolved and terminated on January 1, 1920, and that thereafter all of the accounts and liabilities between said Paul D. Durant and *Herman Friedrich* were fully settled either at the time of dissolution on January 1, 1920, or thereafter during the months of April or May, 1920."

The answer denies the allegations of paragraph 5 set out in the statement of facts "except that the said Paul D. Durant did pay to the said *Herman Friedrich,* during the months of April and May, 1920, the sum of $30,000, which said payments were, as your respondent is informed and believes, in final and complete settlement of all liabilities of the said Paul D. Durant arising out of the relation between him and the said *Herman Friedrich* prior to January 1, 1920, and all liabilities of the said Paul D. Durant for services rendered to him by said *Herman Friedrich,* as employee, up to the 21st day of May, 1920; and except further said respondent admits that she has not transferred to said *Herman Friedrich* any of the property described in said petition, which property constitutes the assets of the estate of Paul D. Durant, deceased, and to which property the said *Herman Friedrich* has no claim in law or in equity."

. The answer denies the allegations of paragraphs 6 to 18, inclusive, relating to the investments; further alleges that petitioner had an adequate remedy at law, and as a defense set up the statute of non-claim, being secs. 313.08 and 313.09, Stats., the six-years statute of limitations, being sub. (3) of sec. 330.19; set up the further claim that if relief was not barred by sub. (3) of sec. 330.19, it is barred by sub. (7) of sec. 330.19.

The answer set up matters not material to a consideration of the case and then alleges:

"Further answering said amended petition and as a defense thereto, said respondent alleges on information and belief that on May 20, 1920, the said Paul D. Durant delivered to said *Herman Friedrich* a check signed by said Paul D. Durant in the sum of $15,000, on which was indorsed the words 'Final payment in full,' and that said *Herman Friedrich* accepted said check in final payment in full of all claims then existing between the said *Herman Friedrich* and the said Paul D. Durant, and indorsed said check and deposited the same in his bank account on May 21, 1920, and that said payment and acceptance thereof by said *Herman Friedrich* constituted a compromise and settlement in full of all claims existing between said *Herman Friedrich* and Paul D. Durant."

There was a trial, and the court found as follows:

"1. That from and prior to the year 1916, the deceased, Paul D. Durant, and the petitioner, *Herman Friedrich,* were each attorneys and counselors at law admitted to practice in various courts and were engaged as partners in the practice of law at Milwaukee, Wisconsin.

"2. That under the agreement of partnership existing between the said partners, the evidence shows that up to January 1, 1920, each received a certain salary and the profits of the said partnership were divided between them so that the said decedent, Paul D. Durant, received seventy-five per cent. of such profits and the said *Herman Friedrich* twenty-five per cent. of said profits.

"3. That from January 1, 1920, to May 1, 1920, some sort of business arrangement continued to exist between the

decedent and the petitioner, *Herman Friedrich,* but the evidence does not disclose the terms, conditions, and agreements of such relationship.

"4. That during the closing months of 1919 and the early months of 1920, all prior to May 1, 1920, said decedent, Paul D. Durant, rendered services. to the Schoellkopf Liquidating Trustees in connection with tax matters pending before the United States government; that on the 8th day of May, 1920, the Schoellkopf Liquidating Trustees by resolution agreed with the said decedent, Paul D. Durant, and one Mitchell, a New York attorney, who was associated with said Durant in performing services relating to said tax matter, that the total amount to be received by them, the said Durant and Mitchell, for such services should be $500,000; that on the 19th day of May, 1920, the said Paul D. Durant received from the Schoellkopf Liquidating Trustees, as the share of said fee to which said Durant was entitled, the sum of $150,000, represented by the check of said Liquidating Trustees, payable to said Paul D. Durant, and a contract or certificate of deposit of the Marine Trust Company of Buffalo, New York, for $100,000, payable on the 10th day of January, 1921, to the said Paul D. Durant; that both such check and certificate of deposit were payable to said Paul D. Durant personally; that said check and said certificate of deposit were received by the said Paul D. Durant after May 1, 1920, after all relations whatsoever between the said Paul D. Durant and the petitioner had terminated.

"It does not appear from the evidence that the fee for such services, in its entirety at least, was subject to division between the said Paul D. Durant and the petitioner, *Herman Friedrich,* on the basis of three fourths (3-4) thereof to Durant and one fourth (1-4) thereof to *Friedrich.*

"5. That on or about May 20, 1920, during his lifetime, the said decedent, Paul D. Durant, paid to the petitioner, *Herman Friedrich,* the sum of $30,000 out of the profits of the fee of $250,000 received from the Liquidating Trustees.

"6. The evidence fails to establish the allegation of the petition that on or about May 1, 1920, all accounts between the decedent, Durant, and the petitioner, *Friedrich,* were settled and all earnings, profits, and property divided, except

right to fee of $250,000; nor is this allegation in any wise admitted by the amended answer of the respondent.

"7. The allegation of fraud and misrepresentation set forth in the petition is not established by the evidence.

"8. That the decedent, Paul D. Durant, died on February 15, 1923, and that soon thereafter and on February 24, 1923, petition was duly filed in this court for administration of his estate, at which time the order of the court was duly made and entered fixing and appointing the first Tuesday in July, 1923, as the last date within which claims might be filed against the estate of Paul D. Durant; that such time was thereafter duly extended to the 15th day of August, 1923.

"9. That the petitioner, *Herman Friedrich,* was the attorney for the administratrix in the estate of said Paul D. Durant, and is now such attorney for her successor, the *Marshall & Ilsley Bank,* in all matters pertaining to said estate, except the matter of this petition.

"10. That *Herman Friedrich* filed no claim whatever against the estate of Paul D. Durant.

"Taking the allegations of the petition at their face value, it must be assumed that the petitioner ever since May 20, 1920, knew or should have known that he had a claim of at least $7,500 against the said Paul D. Durant which, if valid, would have been a valid claim against the said estate of Paul D. Durant.

"11. That the petitioner tendered his services as attorney to the widow of said Durant shortly after Durant's death, making no mention of any claim on his part adverse to the estate; that as attorney for the estate he caused securities now claimed by him personally to be listed in the inventory and to be redeemed from hypothecation with estate funds and held at the risk of the estate, though not constituting investments proper to be held by the estate; as attorney for the estate he caused the estate to pay inheritance and estate taxes on such securities and income taxes on the dividends derived therefrom; that petitioner employed as his personal attorney in the matter of this petition an attorney whom he had retained as counsel for the estate, and who continued to be counsel for the estate after the petitioner had filed his petition herein."

The court concluded that the petitioner was not entitled to any equitable relief and that the petition should be dismissed. Judgment was entered accordingly dismissing the petition, from which the petitioner appeals.

For the appellant there were briefs by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish,* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

*Douglass Van Dyke* of Milwaukee, for the respondents.

*John J. Maher* of Milwaukee, guardian *ad litem.*

The following opinion was filed October 11, 1927:

ROSENBERRY, J.    The petitioner seeks a reversal of the judgment below upon the ground that the court erred (1) in finding that the evidence did not show continuance of the partnership after January 1, 1920; (2) the court erred in finding that the evidence did not show that the fee from the liquidating trustees was a partnership fee; (3) the court erred in finding that the fraudulent concealment of the amount of the fee by Paul D. Durant was not established; (4) the court erred in finding that the petitioner was not entitled to equitable relief.

In the view which we take of the case it will not be necessary for us to discuss some of the propositions argued by counsel. For present purposes we shall assume that the court should have found that the partnership continued to on or about May 1, 1920; that the fee earned by Durant and paid by the Schoellkopf Liquidating Trustees was a partnership fee; that of the amount of $250,000, $150,000 was accounted for as a partnership asset; that $100,000 was wrongfully withheld from the partnership and invested by Durant in securities in his own name. In making these assumptions we do not hold that the facts stated are established so far as they are not found by the court, but assuming them to be true for the sake of argument, the petitioner is not entitled to recover.

As stated in petitioner's brief, this is not a proceeding

for a partnership accounting, it is not in assumpsit for an
agreed debt arising out of a partnership relation, it is not
for a conversion arising out of a fraudulent abstraction of
funds, but it is an attempt to impress certain assets of the
estate with a trust in favor of the petitioner, and it must
stand or fall upon that ground.  In order to recover, the
petitioner must establish the fact that moneys belonging to
him were without his consent withheld and wrongfully in-
vested in the securities claimed.  *Bosworth v. Hopkins,*
85 Wis. 50, 55 N. W. 424.

There was no proof whatever offered in the case either
by the petitioner or the respondent showing that there had
been a settlement of the copartnership affairs or that there
had been an accord and satisfaction.  Petitioner's argument
here is based upon the allegation that such fact is established
by the pleadings.

In the amended petition it is alleged:

"That on or about the 1st day of May, 1920, the said
partnership was dissolved by the said partners and all the
accounts between the partners herein were settled and all
the liabilities between the said partners paid, as this petitioner
is informed and believes, and all the earnings and profits
and property were divided except the right to said fee of
$250,000."

This allegation was categorically denied by the respond-
ent's answer "except that respondent admits that the rela-
tions between said Paul D. Durant and *Herman Friedrich*
were dissolved and terminated on January 1, 1920, and that
thereafter all of the accounts and liabilities between said
Paul D. Durant and *Herman Friedrich* were fully settled
either at the time of dissolution on January 1, 1920, or
thereafter during the months of April or May, 1920."

And as a separate defense the answer alleges on informa-
tion and belief:

"That on May 20, 1920, the said Paul D. Durant delivered
to said *Herman Friedrich* a check signed by said Paul D.

Durant in the sum of $15,000, on which was indorsed the words 'Final payment in full,' and that said *Herman Fried-rich* accepted said check in final payment in full of all claims then existing between the said *Herman Friedrich* and the said Paul D. Durant, and indorsed said check and deposited the same in his bank account on May 21, 1920, and that said payment and acceptance thereof by said *Herman Friedrich* constituted a compromise and settlement in full of all claims existing between said *Herman Friedrich* and Paul D. Durant."

From this state of the pleadings the petitioner deduces the following:

"We start, then, with the allegation by the petitioner that all the accounts except the $250,000 were settled, and the allegation by the defendant that all the accounts which were mutual were settled; and that this $250,000 was not mutual, but the individual property of Durant. Whether this was a partnership or an individual fee is the issue submitted.

"Upon this state of the pleadings it devolved on the petitioner to prove: first, that a partnership existed; second, that the work for the liquidating trustees was done by the partnership; third, that Durant bought property with the money which came into the hands of the administratrix."

The conclusion reached by counsel that a settlement was admitted by the pleadings of everything but the $100,000 item is clearly a *non sequitur.* A denial by the respondent that there was a settlement made which excluded the fee of $250,000 and an allegation that either on January 1, 1920, or some time in the month of April or May, 1920, all of the accounts and liabilities between the said Paul D. Durant and *Herman Friedrich* were fully settled, does not amount to an admission of a settlement of everything excepting $100,000 out of the fee for $250,000. *Ogden v. Atlas B. Co.* (Mo. App.) 248 S. W. 644.

The evidence clearly discloses that $150,000 of the $250,000 fee was accounted for by Durant. The petitioner cannot separate the allegations of the answer into phrases

and take out and apply those which suit his purpose and
ignore the remainder.    The petition sets up one claim, the
answer another and inconsistent claim.    The evidence no-
where discloses what other items of partnership business
or property were taken into consideration in the making
of the alleged settlement or accounting between the part-
ners.    Such evidence as was received tended to contradict
the allegation of settlement contained in the petition to the
extent that $150,000 of the $250,000 was in fact accounted
for.    The court was clearly right in finding that no settle-
ment was established by the evidence and that the answer
did not admit the allegation contained in the petition.

Taking into consideration the assumptions made, the sit-
uation presented by the record stated most favorably for the
petitioner is this: the petitioner and the deceased, Durant,
were in partnership, the partnership was dissolved on or
about May 1, 1920; prior thereto the deceased had earned
a fee of $250,000 belonging to the partnership, of this he
had accounted to the partnership for $150,000 and had
wrongfully withheld $100,000; that some two years and
nine months after the dissolution of the partnership Durant
died, his estate was duly administered, notice of the time
for filing claims was given, the time within which claims
could be filed had long expired, the petitioner filed no claim
against the estate of Durant, and now seeks to impress cer-
tain assets of the estate with a trust for his benefit on the
theory that he was the owner of one fourth of the $100,000
withheld by Durant.    It is practically conceded that the peti-
tioner can recover upon no other basis.

What then is the nature of the petitioner's interest in
the $100,000 assumed to be wrongfully withheld from the
partnership by Durant?    Sec. 123.18, Stats. (Uniform Part-
nership Act), provides:

"Every partner must account to the partnership for any
benefit, and hold as trustee for it any profits derived by him

without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

If Durant wrongfully withheld funds of the partnership and invested such funds, he held the investment as trustee, not for *Friedrich* but for the partnership. The property held in trust for the benefit of the partnership was subject to the same accounting as any other partnership asset. While the offending partner might be chargeable as a trustee, that merely determines the nature of the partnership's right to the property and the basis upon which an accounting might be had with the offending partner. The fact that he held certain amounts in trust for the partnership did not give to other partners an individual right in and to the fund so withheld. Such was the common-law rule.

Justice STORY in *Kelley v. Greenleaf,* 3 Story, 101, approved in *Bosworth v. Hopkins,* 85 Wis. 50, 59, 55 N. W. 424, stated the law thus:

"If a partner fraudulently or improperly, without the consent of his partners, applies the partnership funds to his own private purposes, or for his own private profit or emolument, or invests the same improperly in his own name and for his own use, the other parties have a right, if they can distinctly trace the investment and elect so to do, to follow the partnership funds into the investment, and *treat it as trust property held by that partner for the benefit of the firm.*"

Whether the case be governed by the Uniform Partnership Act or by the law as it existed prior thereto in this state, there can be no doubt that the investment of partnership funds wrongfully made by a partner may be decreed to be held by him as a trustee for the benefit of the firm.

The provision of the Uniform Partnership Act, sec. 123.21, sub. (2): "A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership." Sub. (3): "The incidents of this tenancy are such that: (a) A partner, subject to the provisions of this chapter and

to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners,"—does not change the rule. Whether one partner or another holds partnership property, he holds it for the firm and not for himself as an individual. His right to so hold it is equal to that of any other partner, there being nothing to the contrary in the statutes or the partnership agreement. The fact that by the common law as well as by the Uniform Partnership Act a partner's right in specific partnership property is not assignable, clearly indicates the nature of his right.

When, if ever, may a partner claim to be the owner of a partnership asset or an interest in a partnership asset as an individual? The very great weight of authority is to the effect that, in the absence of statutory permission or express promise or fraud, an action at law as distinguished from an action in equity is not maintainable between partners with respect to partnership transactions unless there has been an accounting and settlement of partnership affairs. *Sprout v. Crowley,* 30 Wis. 187; *Tolford v. Tolford,* 44 Wis. 547; *Smith v. Putnam,* 107 Wis. 155, 82 N. W. 1077, 83 N. W. 288; *Pope v. Thompson,* 171 Wis. 468, 177 N. W. 607; *J. V. LeClair Co. v. Rogers-Ruger Co.* 124 Wis. 44, 102 N. W. 346; 21 A. L. R. note p. 34, and cases cited.

One of the principal reasons for the rule is that until there has been a partnership accounting a partner has no ascertainable interest in a partnership asset. His interest in partnership property is subject to the liabilities of the firm, to the claims of his copartners, and to all other matters properly considered in a partnership accounting. When there has been a partnership accounting; liabilities of the partnership discharged; and the rights of partners adjusted, a partner has an ascertainable interest, and he may enforce that interest in an action at law. Until such a settlement and

accounting has been had his sole remedy is in equity for an accounting. *Rose v. Bradley,* 91 Wis. 619, 65 N. W. 509. No partnership accounting having been established in this case, the petitioner had no ascertainable interest in the $100,000 at the time the petition was filed. Having no ascertainable interest therein, no trust could arise in his favor. No fund to which he was legally entitled had been invested in any securities. The funds which went into the securities under the assumed facts were partnership funds, and if a trust arose it arose in favor of the partnership, and if it is to be asserted it is to be asserted on behalf of the partnership.

The petitioner's right, therefore, was the right to an accounting with the administratrix of his deceased partner's estate and for any balance found due him. Petitioner's right to such an accounting is barred by the statute of nonclaim.

The facts in *Davis v. Davis,* 137 Wis. 640, 119 N. W. 334, were that one of the copartners died, the surviving partner continued to conduct the business and thereafter he died. The estate of the surviving partner was administered, and the widow of the partner first deceased brought an action for an accounting of the partnership affairs. The court held that the action for accounting was barred by the statute of non-claim. Sec. 3840, now sec. 313.03, Stats.

Other matters were discussed in briefs of counsel which might properly be treated here. The court is not in agreement upon them and we rest our conclusion upon the grounds stated.

*By the Court.*—Judgment affirmed.

Owen and Crownhart, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on December 6, 1927.