MILLER, Appellant, v. IRON COUNTY, Respondent.

1. The county courts are not agents of their respective counties in exercising their statutory jurisdiction over probate matters, guardians, minors, lunatics, idiots, &c. In this field of jurisdiction they are a branch of the state judiciary, and the counties can not be held responsible for their action.

*Appeal from Iron Circuit Court.*

This was an action under the provisions of the act of December 12, 1855, (R. C. 1855, p. 47,) against the county of Iron to recover damages alleged to have been sustained by the plaintiff by reason of the death of her husband through the gross negligence of the county court of Iron county in not appointing a guardian for and in not confining one Richard Callaway, who had been found, under an inquisition had by said county court, to be of unsound mind and dangerous to be permitted to run at large. Plaintiff's husband was, it was alleged, killed by said Callaway. The court sustained a demurrer to the petition.

*Perryman & Carter*, for appellant.

I. The court erred in sustaining the demurrer.   (2 Denio, 433; 1 Sandf. 223; 3 Hill, 612; 531; 3 Comst. 463; 12 Mo. 414.)

*Pipkin*, for respondent.

I. The court properly sustained the demurrer.   (1 Hill, 545; Hill, S. C., 571; 1 Amer. Lea. Cas. 622.)

NAPTON, Judge, delivered the opinion of the court.

We consider it against all the well settled principles of law to hold a county responsible for the action of the county court, held within its limits, in the exercise of that jurisdiction over insane persons confided to it by statute.   We do not regard the county court of Iron county as in any proper sense a mere agent or servant of that county in exercising its statutory jurisdiction over probate matters, over guardians and minors, lunatics, idiots, and insane persons, apprentices, &c.   In this field of jurisdiction, the court is a branch of the state judiciary, exercising in fact a jurisdiction originally found in the chancery courts and ecclesiastical courts of England, and conferred here by statute upon these county tribunals.   It would be quite as reasonable to sue the county of Iron for injuries sustained by some action or non-action of the circuit court.   The county courts, in matters of this sort, are as much state courts as the circuit courts. Their judges were formerly appointed by the governor, and, although they are now elected by the people of the county, yet when elected, they constitute a part of the state judiciary.   They administer the laws of the state in matters entrusted to their jurisdiction; and the counties as municipal corporations, and the people of the counties, have no control over their action, and of course can not be held responsible for it.  Their jurisdiction, it is true, is confined within the bounds of their counties, so far as persons are concerned, but so it is in reference to the circuit courts.

This view of the subject presents a fatal objection to the

action in this case ; we have, therefore, not deemed it necessary to look into the question discussed in the briefs.   How far a municipal corporation is liable for the acts of commission or omission of its officers and servants, is, we think, a matter not necessary to be determined in this case.

Judgment affirmed ; the other judges concur.