Mr. Justice MacArthur
delivered the opinion of the court:
We think there is no foundation upon which this action can be maintained against the defendant. There is no averment in the declaration that the corporation specially authorized the magistrate who issued the process, or the policeman who executed it, to arrest the plaintiff or to convert his property, or that at any time subsequently it consented to the alleged injury, or ratified it in any manner. A justice of the peace or a police magistrate is not in any just sense an agent and servant of the city, in regard to whom the doctrine of respondeat superior applies. He exercises judicial authority, having jurisdiction in certain cases conferred by the statute. If be exceeds that jurisdiction, the corporation *582 has no power to control him, nor can it direct the mode or manner in which he administers the law. Neither he nor the policeman are appointed by the corporation. Their duties in regard to preserving the peace and executing legal process are derived from acts of Congress. The tort set up in the declaration is .that Clarke, as police magistrate, and ■ O’Hare, as a policeman, wrongfully arrested the plaintiff, and •collected a fine from him, and conveyed to the almshouse, for the use of the poor, thirteen dead calves, the property of the plaintiff. But there is no allegation or pretense that- the property thus converted ever came to the use or posesssion of the defendant. It is admitted that these proceedings were resorted to for the purpose of enforcing the city ordinance set forth in the declaration. Now, whether this ordinance was without authority of law and in violation of the charter was a question which the magistrate had to determine for himself, and the corporation had no responsibility in regard to his decision. It was a judicial question. Can it be pretended, if he decided that the ordinance was not in violation of the charter, that the city would be liable for a mistake in that respect ? It might as reasonably be said that the District would be liable for an act of the United States marshal if, upon an execution issued by this court against the plaintiff, he should sieze the dead calves of another man. The only liability in such case is against the officer as an individual, and it has never been supposed that the public was at all to blame. It appears to the justice delivering this opinion that the ordinance in question Was authorized by the charter, but whether this is a correct interpretation can make no difference, as we do not think. the corporation was liablé for the wrongful acts of a police magistrate or of a member of the Metropolitan police force. Miller vs. Iron Company, 29 Mo., 122; Buttrick vs. City of Lowell, 1 Allen, 172; Fox vs. Northern Liberties, 3 Watts & 8., 103.
Judgment affirmed.