THE STATE ex rel. LILLIAN STETINA v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, December 31, 1920.

1. **CONFLICT OF OPINIONS: Suit Against Administrator for Money Entrusted to Decedent: Power of Probate Court.** Plaintiff turned over her wages to her grandmother, who was to provide her with food, clothing and shelter and account to her for the balance. Upon her grandmother's death she sued her administrator in the probate court for said balance, upon a single account stated, in which she made claim for her earnings turned over to her grandmother not only during the years of her minority but for the two years after reaching her majority. The Court of Appeals held that the claim for money turned over by plaintiff during her minority was one growing out of the relation of guardian and ward and was maintainable in the probate court, but the turning over

of her wages earned after she reached her majority created a trust relation between her and her grandmother, which was a cause of action cognizable only in equity, of which the probate court had no jurisdiction, and the two causes being commingled in the one account, the one verdict for her for both and the one judgment of the circuit court, which took only such jurisdiction as the probate court had, were erroneous. *Held*, that the ruling of the Court of Appeals was in conflict with Hoffmann v. Hoffman's Executor, 126 Mo. 486, and its record is therefore quashed upon *certiorari*.

2. ———: ———: ———: **Matters of Equitable Cognizance.** The Constitution gives probate courts jurisdiction "over all matters pertaining to probate business" and the statute provides that "the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate;" and it was ruled in Hoffmann v. Hoffmann's Executor, 126 Mo. 486, that these provisions are broad enough to include all moneys demanded from an administrator of whatever nature, whether legal or equitable, made in the probate court; and a holding in this case by the Court of Appeals that a demand for money against an administrator, adjudged to be equitable in its nature, could not be maintained in the probate court, was therefore erroneous.

## Certiorari.

RECORD QUASHED.

*Earl M. Pirkey* for relator.

(1)  The probate court has jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate and of all offsets and other defenses allowed by law. R. S. 1909, sec. 198; Art. VI, secs. 34 and 35, Constitution of Missouri; Secs. 4055 and 4056, R. S. 1909; Meeker v. Straat, 38 Mo. App. 239; Schmieding v. Doellner, 14 Mo. App. 229; Coal Co. v. Estate of Charles Slevin, 56 Mo App. 107; Hoffmann v. Hoffman's Exr., 126 Mo. 486; Maguinn v. Green, 67 Mo. App. 616; Grimes v. Reynolds, 94 Mo. App. 576; Johnson v. Smith's Admr., 27 Md. 592; Stanton v. John-

son's Estate, 177 Mo. App. 55; State v. Fulton, 184 S. W. 938; White v. Blankenbeckler, 115 Mo. 722; Grimes v. Reynolds, 184 Mo. 689; Deer v. Deer's Estate, 180 S. W. 573; Hess v. Sandner, 198 S. W. 1125, 189 Mo. App. 636; O'Neal v. Patterson, 206 S. W. 596; Green v. Stroth- er, 212 S. W. 400; Jeffries v. Ferguson, 87 Mo. 244. (2) The probate court should resort to both common law and equitable rules in the disposition of matters before it. Jarbo v. Jarbo, 227 Mo. 59; Meeker v. Straat, Admr., 38 Mo. App. 239; Schmieding v. Doellner, 13 Mo. App. 229; Coal Co. v. Estate of Charles Slevin, 56 Mo. App. 107; Maginn v. Green, 67 Mo. App. 616; Grimes v. Rey- nolds, 94 Mo. App. 575; Coombs, Curator, v. Coombs, 86 Mo. 176; Stanton v. Johnson's Estate, 177 Mo. App. 55; White v. Blankenbeckler, 115 Mo. App. 722; Green v. Strother, 212 S. W. 400; Jeffries v. Ferguson, 87 Mo. 244; Lietman v. Lietman, 149 Mo. 112.

*Pierre A. Vogel* for respondents.

(1) The probate court has no equitable jurisdic- tion, but may invoke equitable principles in determining issues within its jurisdiction. State ex rel. Fleming v. Shackelford, 172 S. W. 347, 263 Mo. 52. It will be pre- sumed that the lower court followed the law and decisions applicable and in point unless the contrary be shown. (2) The term *quasi*-guardian, or guardian *de son tort*, has been applied to persons who, without legal appoint- ment or qualification, assume the functions of a guardian by exercising control over the person, or estate, or both, of a minor. Zeidman v. Molaskey, 118 Mo. App. 114. While an action at law for money had and received was the proper remedy by which the ward could recover the earnings accumulated under the guardianship *de son tort,* against the guardian as trustee of a resulting trust, an action at law would not lie for the earnings accumulated after the majority of the ward, under an agreement to account for same by the guardian, he being as to such earnings the trustee of an express trust and there hav-

ing been no accounting or settlement.  Zeidman v. Mol-askey, 118 Mo. App. 107.  (3)  Questions of jurisdiction may be raised at any stage of a proceeding and in any court, and are considered by the court *sua sponte.*  Tam-blyn v. Lead & Zinc Co., 143 S. W. 1095, 161 Mo. App. 296.

WILLIAMS, J.—Relator by writ of *certiorari* seeks to quash the judgment of the St. Louis Court of Appeals· in the case of Lillian Stetina, Respondent, v. Charles Bergstein, Administrator of Estate of Kathrine Zacek, deceased, Appellant, on the ground that said opinion conflicts with prior controlling decisions of this court.  The following facts are stated by the Court of Appeals in its opinion:

"Plaintiff had judgment in the circuit court for $700, based on the following statement of account origi-nally filed as a claim in the probate court, where she like-wise had judgment:

"St. Louis, Mo., May 23, 1916.

"To Charles Bergstein, Administrator of the Estate of Kathrine Zacek, deceased,

"To Lillian Stetina, formerly Lillian Rezney, Dr.

"To money loaned and advanced Kathrine Zacek under a continuous open account in various sums and amounts at various times between November 1, 1909, and July 6, 1915 ..............................................\....$1,900.00

Credits.

"By money repaid by said Kathrine Zacek in various sums and amounts at various times between November 1, 1909, and July 6, 1915 ......................... 700.00

"Balance due ...................................$1,200.00

"Plaintiff is a granddaughter of Kathrine Zacek and had lived with her since 1901, when she was six years of age.  When of the age of fourteen years, in 1909, plaintiff started to work, and her evidence tends to show that she turned her earnings as received over to her grandmother, who, after providing the plaintiff with food, clothing and shelter, was to account to plaintiff for

the balance in her hands. The arrangement was not definitely established by the evidence, but it may be inferred from the declarations of the deceased Kathrine Zacek that it was her intention to keep said funds for the benefit of the plaintiff after providing for her board and clothing. This arrangement continued for about two years after the plaintiff reached the age of maturity, at which time Kathrine Zacek died.''

The Court of Appeals held the relator had an action at law and was entitled to recover therefor originally in the probate court for all moneys due her from her grandmother up until the maturity of the relator, and further held that the relator's cause of action to recover the moneys due her from her grandmother for the two-year period after relator attained her majority was one in equity; that her said grandmother, during the last two years, became the trustee of an express trust and that the amount due thereunder was indefinite, no settlement being had, and that therefore the probate court was without jurisdiction to determine that portion of the claim, and for that reason the circuit court acquired no jurisdiction over that portion of the claim. In passing upon this part of the case the Court of Appeals said:

''Her cause of action, based on her earnings turned over to her grandmother subsequent to her majority and on account of which her grandmother was the trustee of an unsettled and unascertained trust cognizable only in equity, was commingled in one statement of account filed in the probate court with her claim against her grandmother growing out of the trust relation of guardian and ward.

''The probate court had no jurisdiction of plaintiff's said cause of action cognizable only in equity, as that court has no equitable jurisdiction. On appeal to the circuit court, that court was likewise without power to entertain the equitable cause of action, as on appeal from the probate court the circuit court has only such jurisdiction as may be properly exercised by the probate court. . . .

"In instructing the jury on behalf of plaintiff the court permitted the jury to take into account the money or earnings entrusted to Kathrine Zacek by plaintiff during the entire period from November 1, 1909, to July 12, 1915, which covered both causes of action herein referred to, and which included that cause of action arising out of the trust relation, the settlement of which rested solely in equity for an accounting.

"The giving of this instruction in this proceeding was error and is one of the complaints made against the judgment by defendant. The jury should have been told to disregard any earnings or funds entrusted to Mrs. Zacek subsequently to the time plaintiff reached her majority.

"For the error noted the judgment should be reversed and the cause remanded."

Relator contends that above holding of the Court of Appeals conflicts with the prior controlling decision of this court in the case of Hoffmann v. Hoffmann's Executor, 126 Mo. 486, l. c. 493.

Conflict With Hoffmann Case.

It will be noted that the relator's cause of action filed in the probate court was one based upon a money demand against the estate.

This court in the case above cited in passing upon a very analogous situation and one involving the same principle as that involved in the decision now before us used the following language:

"It is insisted by counsel for defendant that this proceeding involves the enforcement of a contract between husband and wife, and also the accounting of a trustee as to funds held in trust, and they are, therefore, of purely equitable cognizance and must be determined by a court having equity jurisdiction, and are not, therefore, within the jurisdiction of the probate court.

"The Constitution of the State gives to the probate courts jurisdiction 'over all matters pertaining to probate business.' As a matter pertaining to probate business the statute declares that 'the probate court shall

have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate.' This provision seems broad enough to include all money demands of whatever nature, whether legal or equitable, and so it was held in Hammons v. Renfrow, 84 Mo. 341.''

It is at once apparent that the decision of the Court of Appeals is in direct conflict with the above decision in the Hoffmann case.

It follows therefore that the record of the Court of Appeals should be quashed. It is so ordered. All concur.