**Harry J. NORTH, Appellant,**

v.

**Esther C. HAWKINSON, Executrix of the Estate of Axel Hawkinson, Deceased, Respondent.**

**No. 46277.**

Supreme Court of Missouri,

Division No. 2.

April 13, 1959.

Opinion Modified on Court's Own Motion, Motion for Rehearing or to Transfer to Court en Banc Denied June 8, 1959.

Blackford, Imes, Compton & Brown, by Haskell Imes, Kansas City, for appellant.

Lawrence R. Brown, Michael J. Bogutski, Kansas City, for respondent, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel.

Hiram H. Lesar, St. Louis, Charles C. Oliver, Jr., Kansas City, for amicus curiae, Missouri Association of Probate Judges.

C. Wallace Walter, Robert E. Lusk, Mann, Walter, Powell, Burkart & Weathers, Springfield, amicus curiae.

Rush H. Limbaugh, Cape Girardeau, Floyd R. Gibson, Kansas City, amicus curiae.

BOHLING, Commissioner.

Harry J. North filed an action against Esther C. Hawkinson, executrix of the estate of Axel Hawkinson, deceased, in the Circuit Court of Jackson County based on an alleged oral partnership agreement between plaintiff and Hawkinson. The case is pending on resubmission. Defendant's motion to dismiss plaintiff's petition was sustained on the stated grounds plaintiff failed to state a claim upon which relief could be granted; laches; and, if a claim be stated, it was barred by sections 473.360 and 473.367 of the new Probate Code (Laws 1955, pp. 385 et seq., §§ 139 and 141). Statutory references are to RSMo 1949, 1955 Supplement, and V.A.M.S. unless otherwise stated. The sole controverted issue presented for determination on resubmission is whether plaintiff's action is barred by sections 473.360 and 473.367, the nine months limitations of the Probate Code of 1955; and defendant tacitly concedes plaintiff's petition, if not barred, states a claim and does not disclose laches necessarily defeating the action.

Mr. Hawkinson died March 3, 1956. His wife was appointed executrix of his estate

March 14, 1956. The first published notice of letters testamentary was on March 19, 1956, and more than nine months thereafter plaintiff's petition was filed; to-wit: March 12, 1957. It was captioned "Bill in Equity for Adjustment of Partnership Accounts." The material allegations are to the following effect: In 1938 plaintiff and Hawkinson entered into an "oral partnership agreement" to speculate and invest in real estate. Hawkinson agreed to finance this business. Plaintiff was to purchase and improve real estate for resale at a profit, was to sell real estate for and obtain agency agreements for leasing the property of owners on a commission basis, and the profits arising from the partnership were to be divided equally between the partners. Plaintiff, acting under the agreement, purchased, improved (investing some of his money in addition to money advanced by Hawkinson) and sold some of the properties at a profit, taking back long-term installment purchase money mortgages, and obtained, on a commission basis, agency agreements to sell and to lease, under long- and short-term leases with options to renew, property for the owners. In December, 1940, the partners mutually agreed the partnership would be dissolved; but as a large number of transactions were pending in which the partnership was interested, it was agreed that Hawkinson, without compensation for his services, would continue to handle said transactions, keep an account of the receipts and disbursements connected therewith, and eventually close out the partnership business. Any net losses or profits were to be shared equally by plaintiff and Hawkinson. This arrangement continued from 1940 until Hawkinson's death in 1956 without any settlement of the partnership affairs or any partnership transaction involved, and commissions and profits on many partnership transactions are still outstanding. Plaintiff charges that Hawkinson "was a trustee of the firm's accounts and the transactions constituted a mutual running and current account between them" of the partnership business, and that the existence of said relationship was always recognized by plaintiff and Hawkinson. Plaintiff alleges he has no adequate remedy at law; that only an accounting can determine the amount owed plaintiff, stating he "verily believes" he is entitled to a judgment of $80,000 against the estate of Hawkinson.

Plaintiff states his action is purely an equitable matter over which the probate court has no jurisdiction, and the limitation periods of the Probate Code are not applicable. Orr v. St. Louis Union Trust Co., 1922, 291 Mo. 383, 236 S.W. 642; Hess v. Sandner, 1917, 198 Mo.App. 636, 198 S.W. 1125, 1126; and cases following the language of the Orr case, Clay v. Walker, Mo.App.1928, 6 S.W.2d 961, 967; Bond v. Unsell, Mo. App.1934, 72 S.W.2d 871, 874; In re Main's Estate, 1941, 236 Mo.App. 88, 152 S.W.2d 696, 700; Cunningham v. Kinnerk, 1934, 230 Mo.App. 749, 74 S.W.2d 1107, 1113. These cases arose under the prior Probate Code, the new Probate Code having been enacted by Laws 1955, p. 385, to be effective January 1, 1956 (Id., § 1). The Hess, Bond and perhaps other cases state or indicate probate courts only had jurisdiction of claims involving a debtor-creditor relationship.

This is a case of first impression under the new Probate Code. Consult Model Probate Code, Michigan Legal Studies, 1946, Simes. Apparent purposes of the code are to provide a speedy method for administering a decedent's estate, to establish a time after which claims are forever barred against the estate, the executor or administrator, and the distributees, and to broaden the jurisdiction of probate courts to accomplish said purposes. A discussion of some features of the Code may be found at 23 Mo.L.R. 113.

We first state the constitutional and statutory provisions bearing on the issue, with some observations in connection therewith. They read (emphasis ours):

The constitution vests probate courts and circuit courts with "judicial power." Art. 5, § 1, V.A.M.S.

"There shall be a probate court in each county *with jurisdiction of all matters per-*

*taining to probate business,* to granting letters testamentary and of administration, * * * settling the accounts of executors, administrators * * * and the sale or leasing of lands by executors, administrators, * * * and of such other matters as are provided in this constitution." Id., § 16. (Emphasis ours.)

"Probate courts shall be courts of record and uniform in their organization, jurisdiction and practice * * *". Id., § 17.

"The circuit court shall have * * * exclusive original jurisdiction in all civil cases not otherwise provided for, and concurrent * * * jurisdiction as provided by law." Id., § 14.

Section 473.360, subd. 1. "Except as provided in sections 473.367 and 473.370, all claims against the estate of a deceased person, * * * whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate court within nine months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. * * *

"2. All actions against the estate of a deceased person, pending or filed under sections 473.363 or 473.367, shall abate or shall be barred unless notice of the revival or institution thereof is filed in the probate court within nine months after the first published notice of letters." Consult prior sections 464.020, 464.060 and 464.070.

Plaintiff mentions the following excerpt from the "Committee Comment" to section 473.360 as favorable to his position: "(3) it does not expressly bar equitable claims (such as that decedent held property in trust) but under present laws such claims are not barred because the probate court has no equitable powers [Citing the Orr case, supra.]" Such comments are not always accurate. This comment is taken from the "Final Report of the Joint Probate Laws Revision Committee" to the General As-

sembly, is dated January 5, 1955, and has reference to the prior Probate Code. The comment with regard to par. 2 reads: "Subsection 2 is new and is self-explanatory."

Section 473.367. "Any action commenced against an executor or administrator, after death of the decedent, is considered a claim duly filed against the estate from the time of serving the original process on the executor or administrator and the filing of a copy of the process and return of service thereof in the probate · court." Consult prior section 464.070.

Chapter 516, relating to the "Statutes of Limitations," "Real Actions," and "Personal Actions and General Provisions" (sections 516.010–516.370), provides in section 516.300: "The provisions of sections 516.-010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

"Generally, an action is such a judicial proceeding as, conducted to termination, results in a judgment." State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W.2d 332, 336 [6]. "And, 'suits' or 'actions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity.'" State v. Dalton, 353 Mo. 307, 182 S.W.2d 311, 312 [3]. Section 506.040 (from Laws 1943, p. 353, § 4, repealing and reenacting, among others, § 847, RS 1939) provides: "There shall be one form of action to be known as 'civil action.'" Articles 8 and 9, now sections 516.010 to 516.370, was part of Chapter 6, "Civil Procedure—General Code," RS 1939, not repealed by Laws 1943, p. 353, supra; and the word "action" in statutes of limitation applies, as prior to Laws 1943, p. 353, to the one form of action theretofore existing under said prior § 847 for the enforcement and protection of private rights or the redress or prevention of private wrongs. See State v. Harold, 364 Mo. 1052, 271 S.W.2d 527, 530 [9].

Circuit courts have concurrent jurisdiction with probate courts over claims against an estate under section 473.370, subds. 1 and 2. Consult prior section 464.-080; Barnes v. Boatmen's Nat. Bank, 355 Mo. 1136, 199 S.W.2d 917, 918–920 [1]; Pryor v. Kopp, 342 Mo. 887, 119 S.W.2d 228, 229 [1–3]; Wahl v. Murphy, Mo., 99 S.W.2d 32, 35 [5].

Executors and administrators are to return an inventory of all property of the decedent (section 473.233, subd. 1), "including the decedent's proportionate share in any partnership" personal property (Id., (6)), and "all property possessed by the decedent at his death but claimed to be owned by another shall be listed in the inventory, but separately from other property, together with a statement as to the knowledge of the executor or administrator as to its ownership" (Id., (7)).

Upon the death of a member of a partnership, the Probate Code provides for the filing of an inventory of the partnership assets in the probate court (section 473.220); for the continuation of the possession, etc., of the partnership estate by the surviving partner and an accounting to the executor or administrator of the decedent (section 473.223); and, in stated circumstances, for ordering the partner to account and file a bond and appoint a receiver of the partnership estate with like powers and duties of receivers in chancery (section 473.230).

Section 472.010, subd. 3 defines: " 'Claims' include liabilities of the decedent which survive whether arising in contract or in tort or otherwise * * *."

Section 472.020 follows the outline of Mo.Const., Art. 5, § 16 and, so far as material, provides: "The probate court has jurisdiction over all matters pertaining to probate business * * *."

Section 472.030 provides: "The court has the same legal and equitable powers to effectuate its jurisdiction and to enforce its orders, judgments and decrees in probate matters as the circuit court has in other matters * * *."

Section 473.357 authorizes the probate court, upon a verified petition of a claimant alleging that the executor or administrator is in possession of personal property not owned by decedent but owned by claimant and wrongfully withheld from him, to hear, try and adjudge the title to such property.

In the second count of the petition in Orr v. St. Louis Union Trust Co., 1922, supra, considered a leading case, a wife sought to establish a trust against the estate of her deceased husband, and one defense interposed was the one year nonclaim statute of the previous probate code (see Ch. 2, Art. 7, §§ 191–195, RS 1909). Division II of this court held (236 S.W. 649 [8]): "Mrs. Ghio's claim involved the establishment of a trust and an accounting, matters of an equitable nature, and therefore not cognizable before a probate court in the administration proceedings, and such claim is not barred by her failure to exhibit her claim in said court against testator's estate."

State ex rel. Stetina v. Reynolds, Banc 1920, 286 Mo. 120, 227 S.W. 47, 48, was on certiorari to review a court of appeals ruling disallowing a portion of a demand filed in the probate court against a decedent's estate on the ground decedent was a trustee of an unsettled and unascertained trust cognizable only in equity and the probate court had no equitable jurisdiction. In quashing the record of the court of appeals the court quoted the following from Hoffmann v. Hoffmann's Ex'r, 1895, 126 Mo. 486, 493, 29 S.W. 603, 605: "The constitution of the state gives to the probate courts jurisdiction "over all matters pertaining to probate business." As a matter pertaining to probate business, the statute declares that "the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any de-

mand against the estate of the testator or intestate." This provision seems broad enough to include all money demands, of whatever nature, whether legal or equitable, and so it was held in Hammons v. Renfrow, 84 Mo. [332,] 341."

A motion to transfer the Orr case to Court en Banc on the ground of conflict with the last three mentioned cases was overruled, Division II stating (236 S.W. 650): "No question of following a trust, fund into specific real estate and establishment of a lien therein for a portion of the trust fund was involved in either of the cases. The cases may thus be distinguished from the case at bar. It is true, language is used in one or more of the cases above referred to indicating that the jurisdiction of the probate court is broad enough 'to include all money demands of whatever nature, whether legal or equitable,' so long as the claim is based on a demand against the estate of a deceased person. But the facts in those cases did not call for any such sweeping declaration, and it seems there was no intention thus ruthlessly to sweep aside the rule laid down in the cases cited in our original opinion in this case." This language considered the Orr action one to enforce a trust or an equitable lien on specific property and not barred by the then nonclaim statute, and the dicta of the Orr case criticizing Court en Banc's opinion in State ex rel. Stetina appears to be subject to the observation of the Orr case that "the facts * * * did not call for any such sweeping declaration." The rationale of Helliker v. Bram, infra, repudiates in principle the broad language on the motion to transfer in the Orr case.

Helliker v. Bram, Mo.1955, 277 S.W.2d 556, was an action for personal injuries and property damages filed against decedent's estate [1] after the lapse of the one year limitation of prior section 464.020. After stating the material portions of sections 464.010, 464.020, 464.060, 464.070, and 464.-130, reviewing a number of cases relied on by the instant plaintiff, and remarking that probate courts did not have jurisdiction to adjudicate tort actions, the court held (277 S.W.2d 561): "But, that does not mean that a cause of action in tort (which, when reduced to a judgment, becomes a debt payable out of the assets of the estate), should not be subject to the same limitations as any other form of demand allowable against the estate. Such a construction is permissible in view of the broad and all inclusive language contained in Chapter 464, and is in accord with the public interest which is promoted by the prompt settlement of the estates of deceased persons."

Commerce Trust Co. v. Farmers' Exchange Bank, Banc 1933, 332 Mo. 979, 61 S.W.2d 928, 89 A.L.R. 373, involved a claim based on the relation of "principal and agent or cestui que trust and trustee, rather than that of debtor and creditor." 61 S.W.2d 929 [1]. Money collected on checks sent to defendant bank had been commingled with its own funds and was incapable of identification on insolvency. The claim and suit were not timely filed within the nonclaim statutes relating to banks in liquidation (sections 5333, 5337, RS 1929; now sections 361.510, 361.550). The court (61 S.W.2d 931 [4]) quoted definitions of the word "creditor", among which was: "A creditor, in its strict, legal sense, is one who voluntarily trusts or gives credit to another for money or other property, but, in its more general and extensive sense, is one who has a right by law to demand and recover of another a sum of money on any account whatever"; and held "creditors," as used in the statutes involved, "was used in the general sense above indicated * * * and that it includes claimants in the situation of plaintiff in this case," and that the nonclaim

1. Not until Laws 1907, p. 252, could tort actions for injuries to person or health be revived after the death of the tort feasor (Johnson v. Frank, 354 Mo. 767, 191 S.W.2d 618, 621[3–7]); and not until 2 Laws 1947, p. 225, could such suits first be instituted after the death of the tort feasor (§ 537.020 as amended).

statute required "the prompt presentation and disposition of all claims of whatever character against an insolvent bank, at least where, as in this and similar cases, the claim is not for possession of specific property but one in which the claimant seeks * * * to be paid out of the assets in the hands of the liquidating commissioner, including those to which the bank had title."

It is stated in Logrbrink v. Eugene State Bank, 1948, 240 Mo.App. 517, 209 S.W.2d 265, 271, which has a good review of the Commerce Trust Co. case, supra: "Later decisions of our appellate courts following the pronouncements in the Commerce Trust Co. case have consistently ruled that the statute limiting the time for filing claims and bringing actions against insolvent banks applies to *all claims of whatever character*, except actions for the recovery of specific personal property, and it also applies to proceedings in equity to reach assets in the hands of liquidating officers. [Citing cases.]"

Many powers exercised by probate courts were originally found in the chancery and ecclesiastical courts of England. Miller v. Iron County, 29 Mo. 122; 1 Pomeroy, Equity Jurisprudence, 5th ed., § 347; 1 Woerner, American Law of Administration, 3d ed., § 140. Among the equitable powers existing in probate courts prior and subsequent to the new Probate Code were jurisdiction over proceedings for the specific performance of a decedent's contract to sell real estate (consult section 473.303 et seq.); discovery (consult section 473.340 et seq.); "equitable control in making executors and administrators account for interest" etc. (consult section 473.550; Enright v. Sedalia Trust Co., 323 Mo. 1043, 20 S.W.2d 517, 521 [2]). New section 472.020 states probate courts have jurisdiction to construe "wills as an incident to the administration of estates" and "of the administration of testamentary trusts."

The Constitution requires that the powers conferred on probate courts pertain to probate business (Art. 5, § 16) and that they be uniform (Id., § 17). Our attention is directed to no constitutional restraint on the power of the General Assembly to confer uniform equity jurisdiction on probate courts in "matters pertaining to probate business" (Const.1945, Art. 5, § 16; (section 472.020)), and the General Assembly, in its representative capacity, is free to exercise all the primary power of the people in conferring such uniform equitable jurisdiction. Rathjen v. Reorganized School Dist. R–II, 365 Mo. 518, 284 S.W.2d 516, 526 [20]; Brown v. Morris, 365 Mo. 946, 290 S.W.2d 160, 166 [5].

The equity jurisdiction thus conferred is not the general equity jurisdiction of circuit courts, but plenary equity jurisdiction of "matters pertaining to probate business." The 1945 Constitution requires probate judges, except then incumbents, to be licensed to practice law (Art. 5, § 25), and the reason stated in Bauer v. Gray, 18 Mo. App. 164, 169, for withholding equitable powers from probate courts in matters pertaining to probate business has practically ceased to exist.

Plaintiff's action is for a partnership accounting. He prayed that the cause be referred to a referee, commissioner, or receiver to take and state a mutual account of all transactions between plaintiff and Hawkinson, and to report to the court the balance due from either party to the other, and for judgment for said amount so determined against defendant, interest and costs, and other and further general relief. His position that the action is strictly an equitable matter and not subject to the nonclaim provisions of the new probate code is not well taken. He seeks a money judgment, payable out of the assets of decedent's estate in the hands of the executrix, for so much as an accounting may establish to be due him. This is not an action for the recovery of specific personal property. His action is barred by his fail-

ure to comply with the nine months non-claim provisions of section 473.360, ¶ 2 or section 473.367 (quoted supra), relating to "all actions" or "any action," respectively, instituted against an executor or administrator after the death of the decedent. This conclusion finds support in cases under the prior code. State ex rel. Stetina v. Reynolds, Banc, supra, 227 S.W. 47, 48, and cases there cited; Helliker v. Bram, supra, Mo., 277 S.W.2d 556, 561; and, by analogy, Commerce Trust Co. v. Farmers' Exchange Bank, Banc, supra, 61 S.W.2d 928, 931 [4], 89 A.L.R. 373. See also In re Durant's Estate, 194 Wis. 275, 215 N.W. 584, 589.

The judgment is affirmed.

BARRETT, C., dissents.

STOCKARD, C., concurs in result.

LEEDY, J., concurs.

STORCKMAN, P. J., concurs in result in separate opinion.

EAGER, J., concurs in result and concurs in separate opinion of STORCKMAN, P. J.

STORCKMAN, Presiding Judge (separate opinion).

The plaintiff, Harry J. North, filed suit in the Circuit Court of Jackson County against the defendant, Esther C. Hawkinson, Executrix of the Estate of Axel Hawkinson, Deceased, to recover judgment against the estate for his share of the profits of a partnership claimed to have been entered into between the plaintiff and Mr. Hawkinson in his lifetime. On motion of the defendant, plaintiff's petition was dismissed on the grounds that (1) it failed to state a claim upon which relief could be granted, (2) the claim was barred by nonclaim statutes of the new probate code, sections 473.360 and 473.367, and (3) the claim was barred by laches. Plaintiff has appealed from the judgment of dismissal. The appeal has been twice heard in this court. On rehearing additional briefs were filed by the parties, and we have also been aided by able briefs of amici curiae.

In substance the petition alleges that in 1938 the plaintiff and Mr. Hawkinson entered into an oral partnership for the purpose of investing and speculating in real estate, the profits of which were to be divided equally between them; that the partnership transacted its business until on or about December, 1940, when they agreed that the partnership would be dissolved; that it was agreed that Hawkinson would continue to handle the numerous transactions and collections which were pending and any profits resulting were to be divided equally; that said agreement remained in effect from December, 1940, until the date of Mr. Hawkinson's death and no settlement had been made between the plaintiff and Mr. Hawkinson as to any of the business transacted either before or after the dissolution of the partnership; that the transactions constituted a mutual running and current account of the partnership business; that Mr. Hawkinson recognized "the said trustee relationship and trust" at all times during his lifetime and both the plaintiff and Mr. Hawkinson acquiesced in the delay pertaining to an accounting; that during the entire period of time Mr. Hawkinson kept the books and records and the only way the plaintiff could determine with any degree of exactitude the amount owed him is by an accounting of all the transactions from 1940 to date and that either a reference or receivership should be had and a complete accounting made; that the plaintiff believed that he was entitled to a judgment against the defendant's estate in the sum of $80,000; that the plaintiff has no

adequate remedy at law; that a notice had been filed in the Probate Court of Jackson County for the purpose of notifying that court that this bill in equity had been filed "though said Probate Court has no equitable jurisdiction." The prayer of the petition is that the cause be referred to a referee, commissioner, or receiver to take and state a mutual account of all dealings and transactions between the plaintiff and Hawkinson and to report to the court what balance appears to be due from either party to the other, and that "the plaintiff have a judgment for said amount so determined against defendant, interest and his cost" and for other and further relief.

Mr. Hawkinson died on March 3, 1956, letters testamentary were issued on his estate on March 14, 1956, and the first publication of notice of letters testamentary was made on March 19, 1956. Plaintiff's petition was filed in the Circuit Court of Jackson County on March 12, 1957.

■ The defendant has at least impliedly conceded that the petition states a cause of action. Also the claim of laches is not pressed on this appeal perhaps in recognition of the fact that the question of laches is one of fact which can better be determined upon the trial of the merits from all the facts and circumstances. In re Thomson's Estate, 362 Mo. 1043, 246 S.W.2d 791, 29 A.L.R.2d 1239. Thus, the defendant's sole contention is that the petition was properly dismissed because the action is barred by the nine-month nonclaim statutes of the probate code, especially sections 473.360 and 473.367, RSMo 1955 Supp. In avoidance of this, the plaintiff contends that this action is strictly one in equity over which the probate court has no jurisdiction and, therefore, the nonclaim statutes are inapplicable.

We may assume, at least for the purposes of this appeal, that this petition states a cause of action in equity for an accounting between partners. 40 Am.Jur. 361, Partnership § 330; 68 C.J.S. Partnership § 405,

p. 927; Johnson v. Ewald, 82 Mo.App. 276, 284; Torbert v. Jeffrey, 161 Mo. 645, 656, 61 S.W. 823, 826.

We are not here concerned with the question of the jurisdiction of the probate court to hear and determine an action of this kind because the action was filed in the circuit court and there has been no attempt to invoke the jurisdiction of the probate court. The question simply is whether the circuit court is prevented from hearing and determining the case on the merits by reason of the nonclaim provisions of the new probate code, Laws of Mo.1955, pp. 385, 434, § 139 et seq.

■ It is apparent that the circuit court's general jurisdiction of actions against executors or administrators of the estates of decedents has not been impaired by the new code. Section 472.010 et seq. RSMo 1949, V.A.M.S. Reference to a few of the sections of the probate code makes this clear. Thus, an action pending against a person at the time of his death may be revived against the decedent's estate, section 473.363. An action may be commenced against an executor or administrator after the death of the decedent, section 473.367. All actions against the estate of the deceased person filed under section 473.367 shall be barred unless notice of the institution thereof is filed in the probate court within nine months after the first published notice of letters, section 473.360, subd. 2. Judgments of courts of record may be filed in the probate court and classified as are other claims allowed in the probate court, section 473.373. Claimants are encouraged to file in the probate court claims based on express or implied contract by a provision that the claimant shall be adjudged to pay all costs if he chooses to file in the circuit court unless the suit is one "not cognizable in the probate court," section 473.377, but suits in the circuit court are not prohibited. A similar jurisdiction was recognized to be in the circuit court prior to the new code. Pryor v. Kopp, 342 Mo. 887, 119 S.W.2d 228, 229 [1].

Since the action is within the jurisdiction of the circuit court, it may go forward to a determination unless the nonclaim provisions of the probate code are applicable. The narrow question presented on this appeal is whether the nonclaim provisions of the new probate code, and more particularly sections 473.360, subds. 1, 2 and 473.367 thereof, have the legal effect of statutes of limitation and were intended to apply to an action in equity filed in the circuit court against the executor of a probate estate more than nine months after the first publication of letters testamentary.

■ "Generally speaking, no one has a vested right in a statute of limitations, and it is competent for the legislature, either by extending or reducing the period of limitation, to regulate the time within which suits may be brought even on existing causes of action. The power to reduce the period of limitation, however, is subject to the fundamental condition that an adequate means of enforcing the right of action remains and that a reasonable time shall be allowed for the exercise of the right whether existing or prospective, after it comes within the prospective or present operation of the statute and before the bar becomes effective." 16 C.J.S. Constitutional Law § 266a, p. 1257. This statement of the rule is quoted and applied in Hartvedt v. Maurer, 359 Mo. 16, 220 S.W. 2d 55, 58 [3]. To the same effect, see 34 Am.Jur. 33, Limitations of Actions §§ 27 and 28. See also Campbell v. Webb, 363 Mo. 1192, 258 S.W.2d 595, 606 [17], and Cobble v. McDonald, Mo., 313 S.W.2d 713, 716 [2], wherein it was held that section 507.100 providing for substitution on the death of a party is in the nature of a special statute of limitations and that the general assembly may properly either extend or reduce the period subject to the standard of reasonableness. In the interest of the expeditious settlement of the estates of decedents, the general assembly undoubtedly has the power to limit the time for filing claims in probate court, and for reviving pending actions or bringing new ones in other courts, in case of the death of the party against whom the claim is asserted or the action brought.

■ The word "nonclaim" does not appear to be of statutory origin but is commonly used to designate the statutes providing for the time and manner of presenting claims against an estate in probate court. Webster's New International Dictionary, Second Edition, defines "nonclaim" as: "Neglect or failure to make a demand within the time limited by law." Of the same import is the definition of "non-claim" in Baldwin's Century Edition of Bouvier's Law Dictionary. However, we are not concerned with the nomenclature but with the legal effect of the nonclaim statutes. In Williamson v. McCrary, 33 Ark. 470, the Supreme Court of Arkansas in determining the legal effect of similar probate statutes which provided that all demands not exhibited to the personal representative within two years after the grant of letters "shall be forever barred," stated at pages 473–474 of 33 Ark.: "This is in express terms a statute of limitations, applicable alone to claims against estates, prescribing the time in which they must be brought to the notice of the personal representative by exhibition. The *mode* of exhibition may be by revivor of a pending action * * * or the beginning of a new action against the representative * * *, or by delivery of a copy of the instrument or account upon which the claim is founded. These limitations supersede and take the place of the general statute of limitations, but that is only the change from one system of limitations regulating suits *inter vivos,* to another governing proceedings against estates." Montelius & Fuller v. Sarpy, 11 Mo. 237, 242, likewise holds "that the limitation therein provided for entirely supersedes the general statute on that subject." The nonclaim statutes of the present probate code have the attributes, characteristics and consequences of general statutes of limitation and should be so enforced.

The word *claims,* as used in the probate code, is defined to "include liabilities of the

decedent which survive whether arising in contract or in tort *or otherwise,* * *." Section 472.010, subd. 3. (Unless otherwise noted, all italics within quotations are supplied and all statutory references are to RSMo 1949, as amended by Laws of Mo. 1955, p. 385.) Section 473.360, insofar as pertinent to this case, provides with respect to the limitation on filing claims as follows: "1. Except as provided in sections 473.367 and 473.370, *all* claims against the estate of a deceased person, * * *, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract *or otherwise,* which are not filed in the probate court within nine months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the executor or administrator, the heirs, devisees and legatees of the decedent. * * *." As regards an action against an executor or administrator, section 473.367 provides: *"Any action* commenced against an executor or administrator, after death of the decedent, *is considered a claim* duly filed against the estate from the time of serving the original process on the executor or administrator and the filing of a copy of the process and return of service thereof in the probate court." Paragraph 2 of section 473.360 provides: *"All actions* against the estate of a deceased person, * * * filed under sections * * * 473.367, * * * *shall be barred* unless notice of the * * * institution thereof is filed in the probate court within nine months after the first published notice of letters."

"Generally, an action is such a judicial proceeding as, conducted to termination, results in a judgment." State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W.2d 332, 336 [6]. There is nothing in the nonclaim statutes to indicate that the term "action" was not used in its usual and ordinary sense. The instant case is an "action" within such meaning. "Any" and "all" have been described as the most comprehensive words in the English language. Hamilton Fire Insurance Co. v. Cervantes, Mo.App., 278 S.W.2d 20, 24 [4]; Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, 25 [4]. The terms "any action" and "all actions" admit of no apparent exceptions.

General statutes of limitation apply alike to all civil actions whether legal or equitable. Sections 516.100–516.140; Campbell v. Webb, 363 Mo. 1192, 258 S.W.2d 595, 599 [2]; Ludwig v. Scott, Mo., 65 S.W.2d 1034, 1035 [1]. A suit in equity for a partnership accounting is subject to the general statutes of limitation. Coudrey v. Gilliam, 60 Mo. 86, 91; Barcus v. Cole, Mo.App., 250 S.W. 629, 630; Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90, 96 [13]. The essential question is whether the nonclaim provisions of the probate code "supersede and take the place of the general statute of limitations" when such an action is directed against the representative of a decedent's estate.

The validity of the nonclaim statutes has not been attacked. Our task is limited to determining the legislative intent; that is, whether the general assembly intended that the prosecution of this kind of action against the estate of the decedent would be barred if not instituted in the time and manner provided by the probate code.

The action is to recover a money judgment to be classified and paid out of the assets of the decedent's estate. Sections 473.373 and 473.430. In a suit against an administrator to recover specific property belonging to the plaintiff, this court in Bramell v. Adams, 146 Mo. 70, 47 S.W. 931, 934, stated: "It is clear that if the result of this litigation is to be a general money judgment against the administrator, to be classified and paid out of the *assets of the estate,* plaintiffs' suit comes too late. The fact that it was begun in the circuit court, and that the claim grew out of a trust fund, could not save it from the operation of the statute."

The precise question here involved was decided in Helliker v. Bram, Mo., 277 S.W.

2d 556, 558, wherein it was stated that the term *all demands* as used in the previous probate laws "should be held to include every species of liability which the personal representative can be called upon to pay out of the assets of the estate." The Helliker decision affirmed the dismissal of a suit filed in the circuit court to recover damages for personal injuries and property loss against a decedent's estate because the action was not filed within one year after the grant of letters. The opinion comments (unnecessarily we believe) that the framers of the constitution did not intend to confer "general equity jurisdiction or the right to adjudicate actions in tort" upon the probate courts, but in spite of this view the court held, 277 S.W.2d 561: "But, that does not mean that a cause of action in tort (which, when reduced to a judgment, becomes a debt payable out of the assets of the estate), should not be subject to the same limitations as any other form of demand allowable against the estate. Such a construction is permissible in view of the broad and all-inclusive language contained in Chapter 464, and is in accord with the public interest which is promoted by the prompt settlement of the estates of deceased persons."

It will be noted that the present statutes are much broader in scope than the nonclaim statutes in force when the Helliker case was decided (sections 464.020 to 464.070, inclusive, RSMo 1949); among other differences, those statutes contained a saving provision to infants and persons of unsound mind or to persons imprisoned; there was no requirement of notice of suit, and no such provisions as the present section 473.360, subds. 1 and 2. Indeed the very method of consummating a claim has itself been changed. The present code expressly exempts some actions from the operation of the nonclaim provisions (section 473.360), but we find no basis in the statutes or elsewhere to except the instant case.

■ A function of the probate courts is to marshal the assets of a deceased person, pay his debts out of the assets, and distribute the remainder among the beneficiaries of the estate. In order to file, classify, and pay money judgments adjudicated elsewhere, it hardly seems necessary for the probate courts to have jurisdiction to hear and determine such claims on the merits. But it does seem necessary if probate courts are to perform their functions properly that a reasonable provision be made as to the time and mode of establishing all of the obligations of the decedent's estate.

■ In this case an adequate means for the determination of the merits of plaintiff's right of action was available by a suit in the circuit court and we need not determine whether the probate court had concurrent jurisdiction to hear and determine plaintiff's cause of action if it had been filed as a claim in that court. Statutes of limitation generally operate upon claims or causes of action without regard to the forum in which the merits of the claim are to be determined.

It is wholly fallacious to hold (as some decisions appear to have done) that the limitation provisions of the probate code do not apply unless the probate court has jurisdiction to adjudicate the merits of the claim in question. It is unnecessary and unwise to place the decision in this case on the basis of the probate court's jurisdiction to hear and determine the merits of a claim such as this when there is not a case before us squarely presenting that issue. Therefore, we do not express any opinion as to the jurisdiction of the probate court to adjudicate a claim of this kind.

■ The nonclaim statutes of the probate code apply to the present action and it is barred because it was not filed within the time and manner provided by the nonclaim statutes.

For the reasons given the judgment of dismissal is affirmed.

EAGER, J., concurs.