STATE of Missouri at the Relation of David SKEER and Adrienne Gottlieb, Coexecutors of the Estate of David Gottlieb, Deceased, Appellants,

v.

John A. BORRON, Jr., Commissioner of the Probate Court of Jackson County, Missouri, at Kansas City, Respondent.

No. 58244.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1974.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 14, 1974.

David Skeer, Kansas City, for appellants; Sheffrey, Ryder, Skeer, Krigel & Rose, Kansas City, of counsel.

Neal, Newman, Bradshaw & Freeman, Paul L. Bradshaw, Richard Owensby, Springfield, for respondent.

STOCKARD, Commissioner.

This is a suit to prohibit the Probate Court of Jackson County from exercising jurisdiction over a claim against the estate of a decedent. Appellate jurisdiction is in this court because the case involves the construction of the Constitution of this State.

On March 8, 1971, David Gottlieb entered into a contract with G. C. Mills, the nominee for a limited partnership, whereby he and his wife agreed to sell to G. C. Mills certain apartment buildings in Kansas City, Missouri. The interest of G. C. Mills was assigned to the partnership and the sale and purchase were consummated on June 8, 1971. David Gottlieb died on January 28, 1972, and thereafter on August 9, 1972, William A. Ryan, on behalf of the assignee, filed in the Probate Court of Jackson County a claim against the estate of David Gottlieb in the amount of $24,293.66 on account of "breach of contract." A copy of the contract was attached to the claim and it was alleged that it was based on "certain breaches of said contract and oral representations made by decedent."

There is no challenge to the form or sufficiency of the claim, and we need not set forth the specifically alleged breaches and the amounts claimed for each.

Relators moved to dismiss the claim in the probate court on the basis that it was not cognizable under the jurisdiction of the probate court, but that it is a claim over which the circuit court has exclusive jurisdiction. That motion was overruled, and relators then filed in the circuit court their petition for a writ of prohibition to prohibit the probate court from proceeding to trial on said claim, which petition was denied, and this appeal followed.

The essential question here is whether the probate court has jurisdiction to try the issues presented by a claim against an estate of a decedent based on the alleged breach of representations in a contract for the conveyance of real estate, or whether the issues of such a claim may be tried only in the circuit court.

Art. V, § 16, Constitution of Missouri, V.A.M.S., provides as follows:

"There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, to granting of letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of

executors, administrators, curators and guardians, and the sale or leasing of lands by executors, administrators, curators and guardians, and of such other matters as are provided in this constitution."

■ Rulings on the merits of claims presented against an estate, and the classification of such claims, if allowed, are unquestionably "matters pertaining to probate business," as that phrase is used in the constitution. However, relators assert, citing Linn County Bank v. Clifton, 263 Mo. 200, 172 S.W. 388 (1914), that the probate court has never had "exclusive jurisdiction" with reference to claims against an estate, and that since a probate court does not have jurisdiction over "purely equitable matters," First National Bank of Kansas City v. Mercantile Bank & Trust Company, 376 S.W.2d 164), (Mo.1964), or the right "to adjudicate actions in tort," Helliker v. Bram, 277 S.W.2d 556 (Mo.1955), (an issue on which we do not herein express an opinion, see the comment in North v. Hawkinson, 324 S.W.2d 733 at p. 745 (Mo.1959)), it does not have jurisdiction to try the issues of a claim based on an alleged breach of contract. No case is cited in which this precise issue was presented and ruled.

■ The term "claims" is defined in the probate code to include "liabilities of the decedent which survive whether arising in contract or in tort or otherwise * * *." § 472.010, RSMo 1969, V.A.M.S. There is no question but that this suit could have been filed in the circuit court, and that after timely compliance with § 473.367, RSMo 1969, V.A.M.S., it would have constituted a "claim duly filed against the estate." However, it was filed as a claim in the probate court, and we are of the opinion that the probate court has jurisdiction of the claim, and that the circuit court properly refused the application for a writ of prohibition.

By reason of § 473.377, RSMo 1969, V.A.M.S., claimants are encouraged to file in the probate court claims based on express or implied contracts. That section provides that a claimant shall be adjudged to pay all costs if he chooses to file suit in the circuit court unless the suit is one not cognizable in the probate court. North v. Hawkinson, 324 S.W.2d 733 (Mo.1959). By § 472.010 a claim is statutorily defined to include a liability "arising in contract." The claim in this case is said to arise from a breach of a contract, but every suit on a contract involves an alleged breach thereof or there is no cause of action. Therefore, this is not a claim which is "not cognizable in the probate court."

Relators argue that "To try this case, the probate court will have to review the evidence pertaining to the contract for sale, the alleged representations of decedent at or prior to the execution thereof, the condition of certain apartments * * * with respect to the extent of remodeling, the cost of remodeling other apartments * * *, the necessity for carpeting or recarpeting * * * and the cost of recarpeting." This only tends to establish that the resolution of this claim requires the determination of complex issues, but it does not relieve the probate court of jurisdiction.

■ Section 473.420 provides that whenever a claim exceeds $100 "and either party demands a jury, one shall be summoned and the trial conducted before it." It further provides that "When a demand for a jury trial is made, the [probate] court, if it believes there is a probability that any judgment rendered will be appealed, on its own motion or on application of any interested party, may transfer the case to the circuit court of the county and the claim thereafter shall be proceeded upon in all respects as if a judgment on the claim had been appealed." This clearly demonstrates that it is contemplated that claims which involve the resolution of factual issues may be filed in the probate court.

Relators also argue that to sustain the jurisdiction of the probate court of this claim

would result in the probate court having concurrent jurisdiction with the circuit court of "all civil actions just because a party to the action died prior to the filing of a suit." There is, of course, no merit to this contention. For an example of such a case but of which the probate court did not have jurisdiction, see Strumberg v. Mercantile Trust Company, 367 S.W.2d 535 (Mo.1963).

Many cases may be found where a claim based on a breach of contract was originally filed in the probate court. In Bench v. Egans's Estate, 363 S.W.2d 547 (Mo.1963), two claims were filed originally in the probate court, and thereafter removed to the circuit court, "based upon a breach of contract of lease between decedents and claimant." In Hubbard v. Happel's Estate, 382 S.W.2d 416 (Mo.App.1964), the claim was based on a breach of contract to repay money loaned to decedent. In Jensen v. Estate of McCall, 426 S.W.2d 52 (Mo. 1968), a "claim as per Contract" was originally filed in the probate court. In overruling the contention that the probate court did not have jurisdiction because it was an equitable action for specific performance, this court said: "The prayer is for a money judgment. It is filed in the probate court as a claim against the estate of a decedent. The tendency is to broaden the jurisdiction of probate courts in this area. * * * Regardless of the origin of this relief and earlier views with respect to it, the law is now settled that such a claim may now be presented to a probate court as a probate matter." All claims for services rendered are based on either an express or implied contract to pay for the services. Cases in which such claims were filed originally in the probate court include Staten v. Estate of Rose, 435 S.W.2d 679 (Mo.1969); Poppa v. Poppa, 364 S.W.2d 52 (Mo.App.1962); Wardin v. Quinn, 324 S.W.2d 151 (Mo.App.1959); Boyher v. Gearhart's Estate, 367 S.W.2d 1 (Mo.App. 1963). In none of these cases was the contention made that the probate court did not have jurisdiction, but they demonstrate the uniformly accepted practice of filing such claims originally in the probate court.

The judgment of the circuit court refusing relators' application for a writ of prohibition is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.